UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23485-CV-ALTMAN/REID

THE MAD ROOM, LLC, d/b/a BALL
AND CHAIN, ALTOS MEXICANO,
LLC d/b/a TAQUERIAS EL
MEXICANO, LITTLE HAVANA ARTS
BUILDING, LLC, and LA GRAN
FIESTA, LLC,

  Plaintiffs,

v.

THE CITY OF MIAMI,

  Defendant.
_____/

**NON-PARTY ORTUS ENGINEERING, P.A.'S MOTION TO QUASH AND FOR PROTECTIVE ORDER REGARDING THE CITY OF MIAMI SUBPOENA FOR DEPOSITION DUCES TECUM**

  This matter is before the Court on Non-Party Ortus Engineering, P.A.'s ("Ortus") Motion to Quash and for Protective Order Regarding the City of Miami's Subpoena for Deposition Duces Tecum. [ECF No. 153]. The Court conducted a hearing on the matter on November 14, 2022. For the reasons stated on the record, the Court **DENIES IN PART** and **GRANTS IN PART** Ortus's Motion to Quash and for Protective Order [ECF No. 153].

### I. Background

  Plaintiffs Mad Room LLC, Little Havana Arts Building LLC, La Gran Fiesta LLC, and Altos Mexicanos LLC sued the City in September 2021, alleging the City implemented discriminatory policies aimed at harming Plaintiffs' businesses and properties. [ECF No. 1, 212]. Plaintiffs allege the City "manufactured violations" against one of their businesses, Ball & Chain, ultimately resulting in the suspension of Ball & Chain's Certificate of Occupancy ("CO") by the

City Building Official and revocation of Ball & Chain's Certificate of Use ("CU") by the Zoning Administrator. [*Id.*]. The CO suspension, Plaintiffs allege, stems from work performed by private provider Ortus Engineering to correct the cited violations. [*Id.*]. Plaintiffs claim the City audited Ortus in violation of the private provider statute, Florida Statutes Section 553.791, and any findings related to the cited violations are therefore tainted. [*Id.*]

Plaintiffs deposed, and the City cross-examined, Ortus president Elvis Torres on August 17, 2022. [ECF No. 153]. A few weeks later, the City subpoenaed Ortus, seeking production of numerous documents and the deposition of Ortus's corporate designee. [ECF No. 153-1]. Ortus filed this motion to quash and for protective order, arguing the requests are overbroad and unnecessary given that the Parties already possess many of the documents. [*Id.*].

## II.     Analysis

Under Rule 45(c)(3), a court must modify or quash a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subject a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). A court may also modify or quash a subpoena that requires disclosure of confidential information. Fed. R. Civ. P. 45(c)(3)(B); *see also AF Holdings, LLC v. Does 1-162*, No. 11-23036-CIV, 2012 WL 12845359 at *2 (S.D. Fla. Jan. 12, 2012). Federal Rule of Civil Procedure 45(c)(1) places a burden on the party issuing a subpoena "to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." And under Rule 45(c)(3)(A)(iii), a court may quash a subpoena that subjects the receiving person to undue burden. *See Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015).

"With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the

breadth of the document request, and the time period covered by the request." *Id.* (quoting *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 n. 2 (N.D. Fla. 2013)). "In balancing the need for discovery against the burden imposed on the person from whom documents are sought 'the status of a person as a non-party is a factor that weighs against disclosure.'" *Id.*

Here, the City has shown that some of the requests are relevant and proportional to its discovery needs. Accordingly, the Court **ORDERS**:

1. Ortus's Motion to Quash and for Protective Order as to Ortus's communications with Plaintiffs and Plaintiffs' principals with respect to the allegations in the Complaint (Subpoena Request Nos. 1–5) is **DENIED**.
2. Ortus's Motion to Quash and for Protective Order as to Ortus's communications with City employees or governmental entities with respect to the allegations in the Complaint (Subpoena Request Nos. 6 and 7) is **DENIED**.
3. Ortus's Motion to Quash and for Protective Order as to audits, complaints, notices, and similar documents related to Ortus's conduct or status as a "Private Provider" (Subpoena Request No. 8) is **GRANTED**.
4. Ortus's Motion to Quash and for Protective Order as to Documents produced in the Ortus Action (Subpoena Request No. 9) is **GRANTED**.
5. Ortus's Motion to Quash and for Protective Order as to Ortus's communications with Ball & Chain regarding the allegations in the Ortus Action (Subpoena Request No. 10) is **GRANTED**.
6. Ortus's Motion to Quash and for Protective Order as to the May 3, 2019 contract between Ortus and Ball & Chain is **GRANTED**.

Ortus shall comply with the City's request to depose Ortus pursuant to Federal Rule of Civil Procedure 30(b)(6). Further, Ortus shall comply with the subpoena as indicated above but should invoke any evidentiary privilege when necessary to protect privileged information, such as attorney-client communications, and shall not be compelled to disclose confidential settlement discussions and communications.

**DONE AND ORDERED** at Miami, Florida this 18th day of November, 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record via CM/ECF**