UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 21-CV-23485-ALTMAN/REID

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND
LA GRAN FIESTA, LLC,

    Plaintiffs,

v.

CITY OF MIAMI,

    Defendant.

_____/

### NON-PARTY, COMMISSIONER JOE CAROLLO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ADDITIONAL DEPOSITION TIME FOR THE DEPOSITION OF NON-PARTY, COMMISSIONER CAROLLO

    Non-Party, City of Miami Commissioner, Joe Carollo (the "Commissioner"), pursuant to Rule 30, Fed. R. Civ. P., files his Response in Opposition to Plaintiffs' Motion for Additional Deposition Time for the Deposition of Commissioner Carollo (the "Motion") [Doc 269].

    **I.**    **Introduction**

    Plaintiffs' Motion seeking an additional four hours of time for the Commissioner's deposition should be denied because the Court already decided and ordered that the Commissioner's deposition was limited to one day of seven hours. *See* Order Following November 9, 2022 Discovery Hearing [D.E. 209] (emphasis added):

> **Plaintiffs have agreed to limit** Commissioner Russell's deposition to half a day and Attorney Mendez's and **Commissioner Carollo's depositions to one day of seven hours** as permitted by Fed. R. Civ. P. 30(d), respectively.

For Plaintiffs to now seek additional time after agreeing in open court to one day and seven hours is the height of hypocrisy.

    As agreed, on February 6, 2023, counsel for Plaintiffs took the deposition of non-party, the Commissioner, for seven (7) hours. The deposition commenced at 10:00 a.m. and ended after 8:30 p.m. Special Master Scola presided over the deposition.

At the deposition, Plaintiffs failed to ask the Special Master for a ruling on their request for additional time. Nor did Plaintiffs ever ask the Special Master to address any of the after-the-fact complaints set forth in their Motion. As such, Plaintiffs' Motion rings hollow.

Plaintiffs' deposition of non-party, Commissioner was an exercise of harassment, threatening conduct, and questions about irrelevant issues outside the claims asserted herein. For example, Plaintiffs commenced the deposition by attempting to intimidate the Commissioner by advising him of his Fifth Amendment rights and then proceeded to harass him about alleged communications he had with a doctor regarding health issues.[1] Further, Plaintiffs chose to focus their deposition primarily on matters outside the claims of the operative Complaint, contrary to the Court's Order limiting the deposition to the claims asserted. *See* Order on Nonparty Motion to Quash Purported Service of Subpoena or in the Alternative Motion for Protective Order to Require Scheduling of Mutually Convenient Deposition Date [D.E. 240]. Thus Plaintiffs' alleged need for additional time is no one's fault but their own.

Moreover, Plaintiffs' Motion should be denied because none of the grounds set forth in the Motion demonstrate the requisite good cause under Rule 30, Fed. R. Civ. P., or satisfy their burden to show "extraordinary circumstances" to depose the Commissioner, a high-ranking official, for any additional time. *City of Ft. Lauderdale v. Scott*, No. 10-61122-CIV-COHN/SELTZER, 2012 US. Dist. LEXIS 34719, *13, 2012 WL 760743 (S.D. Fla. March 7, 2012) (Seltzer, Mag. J.).

Plaintiffs' Motion should be denied because they are seeking additional hours in order to continue their apparent efforts to harass, threaten, and intimidate non-party, the Commissioner in a blatant effort to improperly gain leverage in these civil cases.

**II.    The seven hour duration of the Commissioner's deposition has already been decided by this Court**

The exact issue of the duration of the Commissioner's deposition has already been decided

---

[1] As set forth in Non-party, Commissioner Carollo's Motion for Protective Order to Enforce Stipulation and Court Order dated December 9, 2022, and Response in Opposition to Plaintiffs' Request to Un-designate as Confidential the Deposition of the Commissioner [D.E. 276] (the "Commissioner's Motion for Protective Order", unnecessary and repeated Fifth Amendment warnings are improper and courts have cautioned against the use of such tactics to intimidate a witness. *U.S. v. Morrison*, 535 F.2d 223, 227-228 (3d Cir. 1976); *U.S. v. MacCloskey*, 682 F.2d 468, 479 (4th Cir. 1982). In fact, counsel for Plaintiffs left a threatening voicemail for a potential witness threatening to refer him to the State Attorney's Office, in an apparent effort, *inter alia*, to intimidate and effect the Commissioner's deposition.

by this Court. As set forth in the Court's Order Following November 9, 2022 Discovery Hearing [D.E. 209] (emphasis added):

> **Plaintiffs have agreed to limit** Commissioner Russell's deposition to half a day and Attorney Mendez's and **Commissioner Carollo's depositions to one day of seven hours** as permitted by Fed. R. Civ. P. 30(d), respectively.

Plaintiffs did not file objections to the Court's Order and it must be enforced. Plaintiffs' Motion fails to address the Court Order that already ruled on the very issue they are now raising, and Plaintiffs must be prohibited from their effort to circumvent the Order.

Having previously been granted leave to take thirty depositions in this case, Plaintiffs sought leave to take the depositions of two sitting Commissioners and the City Attorney. The Court granted Plaintiffs' request with the express limitation, and with Plaintiffs' agreement, that the depositions of the Commissioner and the City Attorney would be limited to one day of seven hours. *See* Order Following November 9, 2022 Discovery Hearing [D.E. 209]. Plaintiffs proceeded to take the depositions and they cannot now renege on their agreement and abrogate the Order.

Plaintiffs should be held to their agreement. Plaintiffs do not get to bait and switch and circumvent the Court's Order.

Based on the Court's Order and the express limitation of the Commissioner's deposition to one day of seven hours, Plaintiffs' Motion should be denied.

### III. <u>Plaintiffs waived their request for additional deposition time by failing to seek a ruling from the Special Master at the deposition</u>

Plaintiffs waived their ability to seek additional time for the Commissioner's deposition by failing to seek a ruling on their request at the deposition. Plaintiffs chose not to seek a ruling from the Honorable Judge Jacqueline Scola (ret.) who presided over the Commissioner's deposition pursuant to the Court's Order Appointing Special Master [D.E. 257].

During the deposition, Plaintiffs' counsel conceded that the Special Master has "a broad command" "to consider and rule on any disputes that may arise at the deposition." *See* 2/6/2023 Confidential Commissioner Depo. 329:12-18 (Exhibit A to Plaintiffs' Motion, under seal).

Despite conceding the Special's Master's broad authority to rule on "**any disputes** that may arise at the deposition", Plaintiffs chose not to seek a ruling on their request for additional time from the Special Master. Plaintiffs knowingly and voluntarily waived the issue. Plaintiffs had the opportunity to obtain a ruling on their request for additional time when it arose during the

deposition and they elected not to do so. Nor did Plaintiffs ever ask the Special Master to address any of the after-the-fact complaints allegedly constituting grounds for their Motion.

As Plaintiffs concede, the Special Master ruled in their favor on every dispute that was presented to her for determination. *See* Motion at 2. Plaintiffs made a tactical choice not to seek a ruling on their request for additional time or on the litany of complaints set forth in their Motion as purported justification for their Motion and therefore Plaintiffs waived this issue and the Motion should be denied.

### IV.     Plaintiffs' Motion should be denied because it fails to demonstrate good cause or extraordinary circumstances

Plaintiffs fail to meet their burden to demonstrate "good cause" for their Motion for leave seeking additional time. *See* Rule 30, Advisory Committee Notes to 2000 Amendment (the "Advisory Committee Notes") (Rule 30(d) "imposes a presumptive durational limitation of one day of seven hours for any deposition. … The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."). *See also, C.H. v. Sch. Bd. of Okaloosa Cnty., Fla.*, No. 3:18cv2128-MCR-HTC, 2021 U.S. Dist. LEXIS 259229, *7 (N.D. Fla. July 19, 2021) (citing Advisory Committee Notes to 2000 Amendment) ("the Advisory Committee Notes set the standard for determining whether leave should be granted as one of 'good cause.'").[2]

Plaintiffs' Motion fails to demonstrate good cause. Plaintiffs claim more time is "needed to fairly examine the deponent" and "the deponent, another person, or any other circumstance impede[d] or delay[ed] the examination." *See* Rule 30(d)(1), Fed. Civ. P.  *See* Motion at 3. As set forth herein and as is evident from the deposition, Plaintiffs' Motion fails.

Importantly, federal courts routinely prohibit depositions of high-ranking government

---

[2] Since the Commissioner's deposition has already been taken, leave of court is required. *See* Rule 30(a)(2)(A)(ii) ("A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): … (A) if the parties have not stipulated to the deposition and: … (ii) the deponent has already been deposed in the case"). Rule 26(b)(1) and (2) provide that the Court "may alter the limits in these rules on … the length of depositions under Rule 30" and "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

officials "absent extraordinary circumstances." *See, e.g.*, *City of Ft. Lauderdale v. Scott*, No. 10-61122-CIV-COHN/SELTZER, 2012 US. Dist. LEXIS 34719, *13, 2012 WL 760743 (S.D. Fla. March 7, 2012) (Seltzer, Mag. J.). No extraordinary circumstances have been demonstrated by Plaintiffs to justify an additional four hours of deposition. Here, Plaintiffs sought and were granted leave to take thirty (30) depositions. They sought and agreed to take the deposition of the Commissioner, a high-ranking government official, limited to seven hours. Accordingly, Plaintiffs have failed to demonstrate extraordinary circumstances justifying any more time for the deposition or a second deposition of the Commissioner, a high-ranking government official entitled to heightened protection from deposition. *See, e.g.*, *Spadaro v. City of Miramar*, 11-61607-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 117925, *6-7, 2012 WL 3614202 (S.D. Fla. Aug. 12, 2012) (Cohn, J.) ("once the Court determines that an official is entitled to invoke the privilege, the burden shifts to the party seeking to depose the high-ranking official"). In fact, these issues were raised at the hearing on November 9, 2022, which then led to the parties' agreement to one day and seven hours for the Commissioner's deposition.

### a. **Plaintiffs' assertion that the Commissioner is a key witness does not justify additional time**

Plaintiffs assert they need additional time because the Commissioner is a key witness whose testimony is particularly important to the case. *See* Motion at 3. Throughout this case and in their pleadings, Plaintiffs have asserted that the Commissioner played a key role. *See, e.g.*, First Amended Complaint, ¶¶ 30-39, 48, 51, 61, 134, 151, 178, 218-219, 245, 312-315. Yet Plaintiffs agreed to abide by the seven-hour limit set forth in Rule 30, *the Court ordered same*, and Plaintiffs did not object to the Court's Order [Doc 209]. Particularly in light of the fact that Plaintiffs knew of the Commissioner's alleged role before they agreed to the seven-hour limit and they chose not to file an objection to the Court's Order ordering the seven-hour limit [Doc 209], the Court has discretion to deny Plaintiffs' request for additional time under the circumstances.

Accordingly, Plaintiffs have failed to demonstrate that more time is needed to fairly examine the Commissioner.

### b. **Plaintiffs' unfounded complaints do not justify additional time**

Plaintiffs claim to need more time than the Rule's seven-hour limit, which was ordered by the Court, on the ground that the Commissioner allegedly gave evasive and narrative answers and his counsel allegedly made improper objections. Both claims are false and unavailing.

In fact, Plaintiffs have no one but themselves to blame for their claimed need for additional time. Plaintiffs could have sought a ruling from the Special Master on their complaints during the deposition, and they intentionally elected not to do so. Plaintiffs were well aware before the deposition that they believed they had fourteen (14) hours of questions for the Commissioner. *See* 2/6/2023 Confidential Commissioner Depo. 138:25-139:5. Yet Plaintiffs chose not to provide the deposition exhibits in advance to counsel for the witness, electing instead to complain after the fact that the witness should have read the documents in advance. *See* Motion at 6-7 (citing case for the proposition that, "Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court should consider that a reason for extending the time limit."). Plaintiffs wasted time on matters having nothing to do with their claims, contrary to the Court's Order [Doc 240] limiting the Commissioner's deposition to the claims asserted in this action.

      i. **Plaintiffs' complaint that the Commissioner's answers were narrative, evasive, non-responsive, and filibustering does not justify their request for additional time**

Plaintiffs argue that the witness took up too much time with narrative answers to questions. *See* Motion at 2, 5-8. Plaintiffs have only themselves to blame for supposed narrative answers of the witness. Plaintiffs chose to ask open-ended questions and then to ask follow-up questions during the witness's answer. For example, Plaintiffs' counsel asked the Commissioner, "Why were you there?" about an incident near Plaintiffs' Ball & Chain nightclub, and then Plaintiffs' counsel asked follow-up questions during the Commissioner's answer. *See* 2/6/2023 Confidential Commissioner Depo. 251:22-257:12.

Plaintiffs complain that the witness took too long to review deposition exhibits. *See* Motion at 2, 7. However, Plaintiffs made the decision not to provide the deposition exhibits in advance of the deposition, contrary to the suggestion in Rule 30 that if a deponent is to be questioned about documents, the interrogating party should send the exhibits in advance of the deposition. *See* Rule 30, Advisory Committee Notes ("In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them."). Moreover, Plaintiffs could have sought a ruling on the witness's supposed feigned inability to understand a convoluted, piecemeal transcript of a radio show presented to the witness for the first time during the deposition, and they chose not to do so, preferring instead to

complain about it after the fact as an excuse for more time.

### ii. **Plaintiffs' complaint of improper objections does not justify their request for additional time**

Plaintiffs claim the Commissioner's counsel objected to 60% of all questions accounting for 312 minutes of the deposition. That is patently false - 312 minutes equates to 5.2 hours. The Commissioner's counsel was entitled and required to make objections to preserve the record. Indeed, Plaintiffs' counsel has done the same throughout the depositions they have defended.

The Commissioner's counsel made fourteen legislative privilege objections, one attorney-client privilege objection, and one beyond the scope objection, all of which were overruled.[3] Arguments to the Special Master on the objections were made off the record.[4] Otherwise, the objections were standard such as object to form, asked and answered, mischaracterization, etc.

Plaintiffs misleadingly complain that counsel instructed the witness not to answer. *See* Motion at 9-10. The supposed instructions not to answer were made in connection with and to preserve legislative or attorney-client privilege objections, the objections were overruled, and the witness *did* answer.

The few other examples Plaintiffs complain about are also unavailing. *See* Motion at 9. Plaintiffs' counsel asked harassing and irrelevant questions regarding protected HIPAA information relating to the Commissioner's health that caused his deposition to be rescheduled from January 13, 2023. The deposition took place on February 6, 2023 and no harm was suffered. Plaintiffs' counsel stated that she would address the objection and instruction on a break, however she chose not to seek a ruling on the issue from the Special Master or raise it on a break. *See* 2/6/2023 Confidential Commissioner Depo. 27:14-20. Plaintiffs' counsel complains of an instruction relating to questions about the Mr. Fuller's left wing connections and connections to the Venezuelan communist party. The Commissioner previously answered these questions numerous times. *See id.* 192:17, 193:1, 193:23-25, 195:4-9. Counsel for the Commissioner stated he was making his objection "to the special master", however, Plaintiffs' counsel then took the position that the objection was "beyond the scope of what the special master was asked to do" and

---

[3] The witness's counsel made the following objections all of which were overruled: legislative privilege objections (2/6/2023 Confidential Commissioner Depo. 75:2-24, 78:2, 83:8, 93:9-10, 147:22, 151:7-8, 152:3, 262:5, 298:6, 298:25, 300:4, 313:6, 317:24, 322:5), attorney client privilege objection (*id.* 336:13-16), beyond the scope of the deposition objection (*id.* 361:17-18).
[4] *See, e.g.*, 2/6/2023 Confidential Commissioner Depo. 74:17-76:14.

did not ask for a ruling. *See id.* 198:3-6. When it suited Plaintiffs' purposes, they conceded that the Special Master had broad authority to rule on "**any disputes** that may arise at the deposition". *See id.* 329:12-18. Counsel for the Commissioner made his objections and arguments to the Special Master and abided by each of her rulings, and the witness answered all questions as to which the objections were overruled. Plaintiffs' complaints about alleged "coaching" are misleading, far-fetched, unfounded, and they chose not to seek any rulings or admonitions during the deposition.

Plaintiffs chose not to seek a ruling or admonition as to any claimed improper objections or instructions not to answer, choosing instead to complain after the fact as purported justification for seeking more time.

## V. **Plaintiffs wasted their seven hours on matters outside the claims in this case**

Plaintiffs chose to spend most of their time during the Commissioner's deposition asking questions having nothing to do with their claims, contrary to the Court's Order limiting the Commissioner's deposition to the claims asserted in this action.[5]

Instead of asking the Commissioner about matters at issue in their Complaint, Plaintiffs asked questions on numerous extraneous topics including the City Attorney's husband and the Commissioner's residence. *See* 2/6/2023 Confidential Commissioner Depo. 303:18-311:21, 358:9-365:4. Plaintiffs asked questions about a doctor in connection with Plaintiffs' apparent effort to discover details of health issues which necessitated rescheduling the Commissioner's deposition. *See id.* 24:5-27:20. Plaintiffs spent fifty-two (52) minutes[6] questioning the Commissioner about a 2018 radio show and statements he may have made that Plaintiffs apparently believe involve Mr. Fuller, a non-party. Plaintiffs also spent their time trying to intimidate the witness with unnecessary and repeated Fifth Amendment warnings. *See id.* 18:25-19:2, 22:16-17, 22:23-25, 23:12-13, 23:22-24. Plaintiffs chose to focus on irrelevant matters

---

[5] *See* Order on Nonparty Motion to Quash Purported Service of Subpoena or Alternative Motion for Protective Order to Require Scheduling of Mutually Convenient Deposition Date [D.E. 240] (emphasis added) ("The scope of discovery under a Rule 45 non-party subpoena is the same as the scope of discovery under Fed. R. Civ. P. 26(b)(1), 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…' *See also Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). **Relevance depends upon the claims asserted in the underlying action** and the legal standards governing those claims.").
[6] *See* 2/6/2023 Confidential Commissioner Depo. 159:25-185:17, 185:19-206:16 (2:55 PM-3:25 PM and 3:38 PM-4:00 PM) (duration from Plaintiffs' identification of transcript of radio show as a deposition exhibit to Plaintiffs' identification of the next deposition exhibit).

outside of the pleadings instead of asking questions about the allegations of their Complaint. Plaintiffs chose not to ask about their actual claims, instead asking about who the witness was referring to in a radio interview.

Plaintiffs' request for additional time fails to set forth a reasoned, non-arbitrary amount of additional time requested based on an analysis of the deposition transcript justifying why Plaintiffs claim that additional time is justified and necessary. Plaintiffs do not identify any specific question that this Court should now require the witness to answer. In light of Plaintiffs' strategic determination to waste their seven hours of deposition on matters outside the claims in this case contrary to the Court's Order, Plaintiffs' Motion for additional time should be denied.

Based on Plaintiffs' failure to demonstrate good cause or extraordinary circumstances sufficient to meet their burden in seeking additional time for the Commissioner's deposition, Plaintiffs' Motion must be denied.

### VI. Plaintiffs seek additional hours in order to ask harassing questions and intimidation tactics to further their attempt to use a criminal investigation to gain leverage in this civil case

Plaintiffs are seeking additional hours in order to ask additional harassing questions to further their improper tactic of sending everything to the State Attorney in order to gain leverage in these civil cases, as set forth in the Commissioner's Motion for Protective Order, which is incorporated herein. It appears that Plaintiffs have been attempting to gain unfair tactical advantage and leverage by engaging in a campaign to threaten witnesses using the imprimatur of criminal investigation by the State Attorney. As set forth, it appears Plaintiffs or their counsel, *inter alia*, left an intimidating voicemail to a potential witness regarding referring him to the State Attorney, improperly warned a witness of his rights under the Fifth Amendment, and sent a threatening email to another potential witness threatening to send her email her to the State Attorney.

In light of Plaintiffs' improper scheme to use their deposition time to further their tactic of attempting to use a criminal investigation in order to gain leverage in these civil cases, Plaintiffs' Motion for additional time should be denied.

### VII. Plaintiffs' request for sanctions must be denied

Plaintiffs' request for sanctions against the Commissioner and his counsel must be denied. *See* Motion at 10-11. There is absolutely no basis for sanctions. If it was as outrageous as Plaintiffs' Motion claims, surely the Special Master would have intervened given that she had broad authority

as conceded by Plaintiffs. A review of the entirety of the deposition transcript and the video reflects that absolutely no sanctionable conduct occurred.

### VIII. Conclusion

Plaintiffs' Motion must be denied.

WHEREFORE, Non-party, Joe Carollo, respectfully requests that this Court enter an Order denying Plaintiffs' Plaintiffs' Motion for an Additional Four Hours of Time for the Deposition of Non-Party Commissioner Carollo, and granting such other and further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2023, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Non-Party, Commissioner Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email:  map@khllaw.com
Primary email:  mschneider@khllaw.com
Secondary:  eservicemia@khllaw.com

By:  /s/ Mason A. Pertnoy
      Mason A. Pertnoy, Esq.
      Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Non-Party, Commissioner Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By:  /s/ Marc D. Sarnoff

CASE NO.: 21-CV-23485-ALTMAN/REID

Marc D. Sarnoff, Esq.
Florida Bar No. 607924

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Non-Party, Commissioner
Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
Benedict P. Kuehne
Florida Bar No. 233293

**SERVICE LIST**

| **Raquel A. Rodriguez, Esq.**<br>**A. Sheila Oretsky, Esq.**<br>**Miranda L. Soto, Esq.**<br>**Daniel R. Lazaro, Esq.**<br>**Jesse Stolow, Esq.**<br>2 South Biscayne Boulevard, Suite 1500<br>Miami, FL 33131<br>raquel.rodriguez@bipc.com<br>sheila.oretsky@bipc.com<br>miranda.soto@bipc.com<br>dan.lazaro@bipc.com<br>jesse.stolow@bipc.com<br>joshua.king@bipc.com<br>mercedes.campos@bipc.com<br>soraya.hamilton@bipc.com<br>patricia.delgado@bipc.com<br>*Attorneys for Defendant City of Miami*<br><br>Gretchen L. Jankowski, Esq.<br>Mackenzie A. Baird, Esq.<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA 15219-4413<br>gretchen.jankowski@bipc.com | **Victoria Méndez, Esq., City Attorney**<br>**Kerri L. McNulty, Esq., Sr. Asst. City Attorney**<br>**Brandon L. Fernandez, Esq., Asst. City Attorney**<br>**Bryan E. Capdevila, Esq., Asst. City Attorney**<br>**Kevin R. Jones, Esq., Division Chief for Labor and Employment**<br>444 S.W. 2nd Avenue, Suite 945<br>Miami, FL 33130<br>vmendez@miamigov.com<br>klmcnulty@miamigov.com<br>bfernandez@miamigov.com<br>tmickens@miami.gov<br>*Attorneys for Defendant City of Miami* |

- 11 -

| | |
|---|---|
| mackenzie.baird@bipc.com<br>Admitted Pro Hac Vice<br>*Attorneys for Defendant City of Miami* | |
| **Thomas E. Scott, Esq.**<br>Cole, Scott & Kissane<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br>Email: Thomas.Scott@csklegal.com<br>*Counsel for Commissioner Joe Carollo* | **Maria A. Fehretdinov, Esq.**<br>**Jason S. Koslowe, Esq.**<br>**Coral Del Mar Lopez, Esq.**<br>**Matthew C. Dates, Esq.**<br>**Chelsea E. Koff, Esq.**<br>**Ryan T. Thornton, Esq.**<br>**Ezra S. Greenberg, Esq.**<br>Stearns Weaver Miller Weissler<br>Alhadeff & Sitterson, P.A.<br>mfehretdinov@stearnsweaver.com<br>jkoslowe@stearnsweaver.com<br>clopez@stearnsweaver.com<br>mdates@stearnsweaver.com<br>ckoff@stearnsweaver.com<br>rthorton@stearnsweaver.com<br>egreenberg@stearnsweaver.com<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, Florida 33130<br>*Counsel for Plaintiffs* |