**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 21-CV-23485-ALTMAN/REID

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND
LA GRAN FIESTA, LLC,

      Plaintiffs,

v.

CITY OF MIAMI,

      Defendant.
_____/

## NON-PARTY, COMMISSIONER JOE CAROLLO'S MOTION FOR PROTECTIVE ORDER TO ENFORCE STIPULATION AND COURT ORDER DATED DECEMBER 9, 2022, AND RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST TO UN-DESIGNATE AS CONFIDENTIAL THE DEPOSITION OF THE COMMISSIONER

Non-Party, City of Miami Commissioner, Joe Carollo (the "Commissioner"), pursuant to Rules 29 and 30, Fed. R. Civ. P., and the Court's inherent power, files his Motion for Protective Order to Enforce Stipulation and Court Order dated December 9, 2022, and Response in Opposition to Plaintiffs' Request to Un-designate as Confidential the Deposition of the Commissioner.

**I.**     **Introduction**

This issue was resolved at the hearing on December 9, 2022. At the hearing, Plaintiffs stipulated and agreed that the Commissioner's deposition can only be used in this case, and that it would be designated as Confidential under the Stipulated Confidentiality and Protective Order [Doc. 78] (the "Confidentiality Order"). Specifically:



*See* 12/9/2022 hearing, 32:20-23 (Exhibit 1).

Based on Plaintiffs' stipulation on the record in open court, counsel for Carollo reasonably

relied upon the stipulation and ceased argument, and the Court in turn ordered that disclosure of the Commissioner's deposition was governed by the Confidentiality Order. *See* Order on the Commissioner's Motion for Protective Order [Doc. 240] at 2.

There is no rational basis for Plaintiffs to renege on their stipulation, unless Plaintiffs want to use the State Attorney's Office as a sword despite their protests to the Court that they were only pursuing a civil case. As expressed by Plaintiffs' counsel, they only want to use the Commissioner's deposition in this case. *See* 12/9/2022 hearing, 32:7-13, 32:20-23, 34:4-7 (Exhibit 1). Maintaining the Confidential designation does nothing to prohibit Plaintiffs' use of the deposition in this case. The true reason to reverse their representation to the Court and now seek to un-designate the deposition is so that Plaintiffs can provide it to the media, the State Attorney, and/or use it in, *inter alia*, *Fuller v. Carollo* and other matters. These are the exact reasons why the Commissioner sought a protective order and was asking for the deposition to be designated as confidential. The parties agreed that this deposition would be used in this case only. Plaintiffs must be held to their stipulation as counsel for the Commissioner reasonably relied upon same in cessation of their argument, and the Court ruled thereon.

Plaintiffs' request to un-designate the deposition as Confidential must be denied.

**II.** **Plaintiffs stipulated and agreed to use the Commissioner's deposition solely in this case, and not to turn it over to the media, provide it to the State Attorney's Office, or use it in the *Fuller v. Carollo* case or other matters**

At the December 9, 2022 hearing before the Magistrate Judge, Plaintiffs stipulated and agreed to use the Commissioner's deposition only in this case and not "███████████████". In an effort to obtain the Commissioner's deposition despite matters raised in connection with the Commissioner's Motion for Protective Order [Doc. 230], which Motion is incorporated herein, Plaintiffs' counsel stipulated on the record in open court:



CASE NO.: 21-CV-23485-ALTMAN/REID



*See* 12/9/2022 hearing, 32:7-13, 32:20-23, 34:4-7 (Exhibit 1) (emphasis added). Plaintiffs are bound by their stipulation to limit the use of the Commissioner's deposition to this case. Based on the stipulations, agreements and representations of all counsel at the December 9, 2022 hearing, the Court stated:



*See* 12/9/2022 hearing, 41:7-9 (Exhibit 1). In response to the Court's inquiry as to whether Plaintiffs objected to the Commissioner's deposition being determined to be highly confidential under the Court's Confidentiality Order, *Plaintiffs' counsel consented thereto.*

Plaintiffs' 180 degree change of position is a classic bait and switch tactic. In order to obtain a favorable ruling and to proceed with taking the Commissioner's deposition, Plaintiffs' counsel agreed to use the deposition solely in this case and to designate it as Confidential under the Confidentiality Order.[1] Now, Plaintiffs unfairly seek to renege on their stipulation made in open Court that was relied on by the Commissioner, the Court, and the City, now that Plaintiffs have taken the Commissioner's deposition.[2]

Based on the representations at the December 9, 2022 hearing, the Court ordered that the Commissioner's deposition falls within the Confidential designation as governed by the

---

[1] *See* Confidentiality Order ¶ 8 ("All ... transcripts ... subject to this Order, and all information derived therefrom ... shall not be used, directly or indirectly, by any person ... other than solely for the purpose of this litigation"). Designation as "Confidential" means that the Commissioner's deposition can only be disclosed to counsel of record in this case, their experts, the Court, the parties, and such other persons agreed to by all parties in writing or by Court Order, and that it "shall be protected from public disclosure". *See id.* ¶¶ 6, 7.

[2] *See* Rule 29, Fed. R. Civ. P. (parties may stipulate to "procedures governing or limiting discovery"); *Connelly v. Metro. Atlanta RTA*, 764 F.3d 1358, 1365 (11th Cir. 2004) ("[P]arties are bound by their stipulations.")); *Widevine Techs. Inc. v. Verimatrix, Inc.*, No. 2-07-cv-321, 2009 U.S. Dist. LEXIS 115264, *7-8, 2009 WL 4884397 (E.D. Tex. Dec. 10, 2009) ("Widevine was entitled to rely upon the parties' stipulation regarding email production"); *Kersh v. Derozier*, 851 F.2d 1509, 1513 (5th Cir. 1988) ("We likewise find no merit in Troup's alternative argument that it should be permitted to withdraw from the stipulation or that the pretrial stipulation should be disregarded. Kersh was entitled to try his case on the assumption that he need not prove the facts to which the parties stipulated. It is much too late to change these ground rules.").

Confidentiality Order and the Court recognized the agreement of Plaintiffs and others:

> Finally, the Parties **agree** that the deposition falls within the type of discovery described in the Parties' Stipulated Confidentiality and Protective Order and its disclosure may be governed by that Order.

*See* Order on the Commissioner's Motion for Protective Order [Doc. 240] at 2 (emphasis added).

Indeed, after the December 9, 2022 hearing and the Order, Plaintiffs reiterated their representation that they are not seeking to use the Commissioner's deposition outside of this case and that the Commissioner's deposition is governed by the Court's Confidentiality Order. *See* 2/13/2023 email from Plaintiffs' counsel to the Commissioner's counsel (Exhibit 2).

Maintaining the confidentiality designation and use of the Commissioner's deposition solely in this case does not prejudice Plaintiffs in any way. There is no rational basis to un-designate the deposition. Pursuant to the Confidentiality Order, Plaintiffs are free to disclose the deposition to their experts and they can use it for summary judgment. Plaintiffs just cannot give the deposition to the State Attorney, the media, or use it in other matters including the *Fuller v. Carollo* case; they stipulated they would not.

This Court should not allow Plaintiffs to break their promises.

### III. Plaintiffs' and their counsel's actions during this litigation highlight the need for confidentiality and support the Commissioner's need for a protective order to enforce the stipulation and the Order on the Commissioner's Motion for Protective Order

Maintaining the confidentiality of the Commissioner's deposition such that it can be used in this case and only this case is necessary because it appears that Plaintiffs have been attempting to gain unfair tactical advantage and leverage by engaging in a campaign to threaten witnesses using the imprimatur of criminal investigation by the State Attorney.[3] Plaintiffs' apparent

---

[3] *See, e.g., Fodor v. E. Shipbuilding Group*, 2013 U.S. Dist. LEXIS 196076, *5 (N.D. Fla. Dec. 19, 2013) ("Regardless of whether plaintiff actually filed complaints against defendant's counsel, the fact remains that he used that threat to try to intimidate defendant's counsel and gain leverage in this litigation. Plaintiff's threats were wrongful, harassing and in bad faith."). Courts regularly exercise their inherent power to sanction parties who have employed bad faith litigation tactics, including harassment and intimidation of witnesses. *See, e.g., Santana v. Telemundo Network Group LLC*, 2022 U.S. Dist. LEXIS 42673, *28-29 (M.D. Fla. March 10, 2022) (quoting *Pullen v. Brown*, 2020 U.S. Dist. LEXIS 196452, *8-9, 2020 WL 6203528 (M.D. Fla. Oct. 22, 2020)) ("District courts have exercised their inherent powers to sanction parties who have employed bad faith litigation tactics, including harassment and intimidation of opposing parties, their counsel, or witnesses.").

CASE NO.: 21-CV-23485-ALTMAN/REID

intimidation tactics are improper, threatening, and may be sanctioned pursuant to the Court's inherent power.

### a. Plaintiffs' counsel's threatening voicemail to a potential witness

On January 31, 2023, Plaintiffs' counsel, Coral del Mar López, Esq. left a threatening voicemail for a potential witness, Dr. Jorge Suarez Menendez (Exhibit 3), in which she threatened to refer the doctor to the State Attorney's Office:

> Good morning, Dr. Suarez, this is Coral Lopez from the firm of Stearns Weaver. I represent Ball & Chain and Bill Fuller. Um, we are trying to get in contact with you about few questions we have, um, regarding doc, uh Commissioner Carollo's, um, attempts to get a doctor's note from you. Um, **before we take any steps further with, referring to the, um, the State Attorney, or doing anything else, we definitely want to talk to you**, um, so give us a call whenever you get a chance, um, my number is, let me give you my direct, hold on. My direct is [number redacted]. And again, my name is Coral Lopez from Stearns Weaver. Thank you. Bye.

Beyond Plaintiffs' counsel's use of the State Attorney as a sword and their improper effort to solicit from the doctor private HIPAA information of non-party witness, Commissioner Carollo, days before the Commissioner's deposition, Plaintiffs' counsel's actions appear to be a coordinated effort to intimidate potential witnesses including the Commissioner.

Plaintiffs' counsel's unethical action to discover details of health issues which necessitated rescheduling the Commissioner's deposition, appears to be done for some nefarious purpose.[4] Then, in an effort to intimidate the Commissioner at his deposition, Plaintiffs asked him questions about the doctor as well. *See* 2/6/2023 Confidential Commissioner Depo. 24:5-27:20 (Exhibit 4). Plaintiffs seek to un-designate the deposition so that they can now hand it to the State Attorney and the media and use it in other matters including *Fuller v. Carollo, reneging on their very representation to the contrary.*

### b. Plaintiffs' counsel's threatening the Commissioner during his deposition about "an ongoing criminal investigation by the State Attorney's Office involving you" and repeatedly asking him about his awareness of his "constitutional right to invoke the 5th Amendment privilege"

In their attempt to intimidate the Commissioner, Plaintiffs' counsel started out their

---

[4] Although there was no information in the public record regarding a health issue which necessitated rescheduling the deposition, same was apparently improperly supplied to the local media. *See* https://www.politicalcortadito.com/2023/01/12/miami-joe-carollo-ball-chain-deposition/

- 5 -

questions at the Commissioner's deposition by repeatedly warning him about "██████████ ██████████████████████████████████████" and asking about his awareness of his "████████████████████████████████████". *See* 2/6/2023 Confidential Commissioner Depo. 18:25-19:2, 22:16-17, 22:23-25, 23:12-13, 23:22-24.

Such unnecessary and repeated Fifth Amendment warnings are improper. Circuit courts have cautioned against the use of such tactics to intimidate a witness.[5]

### c. Plaintiffs' apparent tactic to try to push the State Attorney to conduct a potential investigation to gain leverage in the civil cases

Moreover, since 2018, Plaintiffs have regularly emailed and sent documents to the State Attorney trying to get the State Attorney to investigate the Commissioner and other City officials. Plaintiffs' communications appear to be an effort to pressure the State Attorney to conduct a criminal investigation in order to get leverage in both civil cases.

During the Commissioner's deposition, Plaintiffs asked numerous questions about the "██████████████████████████████████████" and the first exhibits shown to the Commissioner during the deposition concerned a potential criminal investigation. Asking the Commissioner such questions and showing him those exhibits appear to be in furtherance of Plaintiffs' intimidation tactics to gain leverage in these civil cases. Un-designating the Commissioner's deposition would further Plaintiffs' improper goals.

### d. Zack Bush's threatening email to a potential witness

On January 26, 2023, Zack Bush sent a threatening email to the City Planning Director, Lakisha Hull (Exhibit 5). Mr. Bush threatened Ms. Hull that he intends to send Ms. Hull's email "to [the] Broward State Attorney Office", he intends to "Subpoena her", and "she has no idea what

---

[5] Plaintiffs' intimidation tactics at the deposition appear to be an effort to get a salacious "headline" they can feed the State Attorney or the media and this also appears to be the reason that Plaintiffs are seeking to un-designate the deposition. *See, e.g., U.S. v. Morrison*, 535 F.2d 223, 227-228 (3d Cir. 1976) ("repeated [Fifth Amendment] warnings which culminated in a highly intimidating personal interview" were found to have "interfered with the voluntariness of [the witness's] choice" of whether or not to testify); *U.S. v. MacCloskey*, 682 F.2d 468, 479 (4th Cir. 1982) ("We also have serious doubts about the propriety of the U.S. Attorney's eleventh hour call to Edwards' attorney suggesting that she would be well-advised to remember the Fifth Amendment."); *U.S. v. Hammond*, 598 F.2d 1008, 1012-1013 (5th Cir. 1979) (finding "substantial governmental interference" with defense witness's "free and unhampered choice to testify" based on prosecutorial threat that witness would have "nothing but trouble" in another pending trial if he continued to testify after which he refused to testify).

CASE NO.: 21-CV-23485-ALTMAN/REID

she is getting herself wrapped into":

> LOL. this is classic. Subpoena her and ask her who wrote it and then send to Broward State Attorney office. She has no idea what she is getting herself wrapped into.

Plaintiffs' transmission of selective evidence to the State Attorney appears to be in furtherance of their improper tactic of using a criminal investigation to gain leverage in these civil cases. Plaintiffs' knee jerk reaction to send City employees' communications to the State Attorney shows that if the deposition is un-designated, they will likely immediately send it to the State Attorney.

### e. Plaintiffs' counsel's improper deposition questions outside the scope of the pleadings to intimidate witnesses

During the deposition of City Attorney Victoria Mendez, Plaintiffs' counsel asked her over twenty questions regarding her *husband's* associations, businesses, and finances. Such questions appear to be intended to intimidate the witness; and they are outside the scope of the pleadings.



During the Commissioner's deposition, Plaintiffs also asked numerous questions regarding Ms. Mendez's husband. *See* 2/6/2023 Confidential Commissioner Depo. 303:18-311:21 (Exhibit 4). In fact, Plaintiffs spent much of their time during the Commissioner's deposition asking

questions having nothing to do with the pleadings, contrary to the Court's Order on the Commissioner's Motion for Protective Order [Doc. 240] limiting the deposition to the claims asserted. Additional examples include questions regarding the Commissioner's residence and a doctor that the Commissioner knows. *See id.* 24:5-27:20, 362:7-366:20 (Exhibit 4).

Such inquiries appear to have been asked for the purpose of sending the Commissioner's deposition to the State Attorney and the media in furtherance of Plaintiffs' improper tactic of using a criminal investigation to gain leverage in these civil cases. Plaintiffs' request to un-designate the Commissioner's deposition is in furtherance of Plaintiffs' apparent goals.

### IV. Plaintiffs appear to be engaging in a public smear campaign to taint the jury pool, and seeking to un-designate the Commissioner's deposition appears to be in furtherance of same

Plaintiffs appear to be engaging in a public smear campaign and their request to un-designate the deposition appears to be in furtherance of that goal.

It appears that Plaintiffs supply Billy Corben, a media personality, with information in this matter. Mr. Fuller admitted that he, Zack Bush and Billy Corben spoke with Luther Campbell, because they wanted Mr. Campbell to "showcase" their belief that the Commissioner is a racist, so that Mr. Campbell would be "armed" with the information to spread in the "South Florida Black community". Importantly, Mr. Fuller did not deny that **he** offered money for that to occur. *See* 12/22/2022 Fuller Depo. 406:17-410:11 (Exhibit 8).

By Mr. Fuller's own admission, he has gone to great lengths to taint the Commissioner in the public eye. Just as Mr. Fuller admitted to having worked with Mr. Corben to further Mr. Fuller's public smear campaign against the Commissioner, more recent events raise the likelihood that Mr. Fuller is continuing to work with Mr. Corben in furtherance of Plaintiffs' schemes to smear the Commissioner in the court of public opinion. It appears that Mr. Corben organized and paid for trucks to drive around the city displaying digital banners with unflattering images of the Commissioner; and this month Mr. Corben appeared with people dressed in chicken suits wearing shirts with disparaging images of the Commissioner at an event celebrating a park art installation attended by the Commissioner.[6]

Given all of Plaintiffs' efforts to engage in a public smear campaign to taint the jury pool

---

[6] See https://www.politicalcortadito.com/2023/02/12/protester-arrested-miami-park-dogs-cats-joe-carollo/

it is par for the course that Plaintiffs would immediately turn over the Commissioner's deposition to the State Attorney and the media if the deposition is un-designated as Confidential.

In the event the Court prefers to un-designate the deposition as Confidential, then the Commissioner requests that the Court enter an Order providing that the Commissioner's deposition can only be used in this case, thus enforcing the Plaintiffs' stipulation and agreement made before the Court.

Given all of Plaintiffs' efforts apparently for the improper purpose of using a criminal investigation to gain leverage in these civil cases, Plaintiffs' request to un-designate the Commissioner's deposition should be denied.

## V.  Conclusion

The issues raised in Plaintiffs' request to un-designate the Commissioner's deposition as Confidential have already been litigated and decided, and Plaintiffs have already stipulated that the Commissioner's deposition will only be used in this case and it will be designated as Confidential. Accordingly, non-party, the Commissioner requests that the Court award him his attorneys' fees and costs incurred in having to file this Motion and attending any hearings thereon; and order Plaintiffs to cease and desist their efforts to threaten and intimidate witnesses.

## LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel for the movant, Mason A. Pertnoy, Esq., certifies that he has made reasonable efforts to confer with all parties who may be affected by the relief sought in this Motion for Protective Order to Enforce Stipulation and Court Order dated December 9, 2022, and Response in Opposition to Plaintiffs' Request to Un-designate as Confidential the Deposition of the Commissioner. On March 2, 2023, Mr. Pertnoy emailed Jason S. Koslowe, Esq., counsel for Plaintiffs, advising him that counsel for the Commissioner intended to file a Motion for Protective Order to enforce stipulation and Court Order dated December 9, 2022, and to seek entry of an Order reaffirming that the Commissioner's deposition can be used only in this case and for no other purpose. On March 2, 2023, counsel for Plaintiffs advised that they disagree that any portion of the Commissioner's deposition transcript qualifies as confidential under any authority, and they assert that the transcript should be designated non-confidential and treated as any other normal course discovery in this matter.

CASE NO.: 21-CV-23485-ALTMAN/REID

WHEREFORE, Non-party, Joe Carollo, respectfully requests that this Court enter an Order granting the Commissioner's Motion for Protective Order to Enforce Stipulation and Court Order dated December 9, 2022, denying Plaintiffs' request to un-designate as Confidential the Commissioner's deposition, granting the Commissioner's request for attorneys' fees, ordering Plaintiffs to cease and desist their efforts to threaten and intimidate witnesses, and granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March, 2023, a true and correct copy of the foregoing was served on all counsel of record via the CM/ECF.

Respectfully submitted,

KRINZMAN HUSS LUBETSKY
   FELDMAN & HOTTE
Co-Counsel for Non-Party, Commissioner
Joe Carollo
Alfred I. duPont Building
169 E. Flagler Street, Suite 500
Miami, Florida 33131
Telephone: (305) 854-9700
Primary email: map@khllaw.com
Primary email: mschneider@khllaw.com
Secondary: eservicemia@khllaw.com

By: /s/ Mason A. Pertnoy
    Mason A. Pertnoy, Esq.
    Florida Bar No. 18334

And

SHUTTS & BOWEN
Co-Counsel for Non-Party, Commissioner
Joe Carollo
200 S. Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9072
Email: msarnoff@shutts.com

By: /s/ Marc D. Sarnoff
Marc D. Sarnoff, Esq.
Florida Bar No. 607924

CASE NO.: 21-CV-23485-ALTMAN/REID

And

KUEHNE DAVIS LAW, P.A.
Co-Counsel for Non-Party, Commissioner
Joe Carollo
100 S.E. 2nd Street, Suite 3105
Miami, FL 33131-2154
Telephone: (305)789-5989
Email: ben.kuehne@kuehnelaw.com;
mdavis@kuehnelaw.com
efiling@kuehnelaw.com

By: /s/ *Benedict P. Kuehne*
Benedict P. Kuehne
Florida Bar No. 233293

## SERVICE LIST

| | |
|---|---|
| **Raquel A. Rodriguez, Esq.**<br>**A. Sheila Oretsky, Esq.**<br>**Miranda L. Soto, Esq.**<br>**Daniel R. Lazaro, Esq.**<br>**Jesse Stolow, Esq.**<br>2 South Biscayne Boulevard, Suite 1500<br>Miami, FL 33131<br>raquel.rodriguez@bipc.com<br>sheila.oretsky@bipc.com<br>miranda.soto@bipc.com<br>dan.lazaro@bipc.com<br>jesse.stolow@bipc.com<br>joshua.king@bipc.com<br>mercedes.campos@bipc.com<br>soraya.hamilton@bipc.com<br>patricia.delgado@bipc.com<br>*Attorneys for Defendant City of Miami*<br><br>Gretchen L. Jankowski, Esq.<br>Mackenzie A. Baird, Esq.<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA 15219-4413<br>gretchen.jankowski@bipc.com<br>mackenzie.baird@bipc.com<br>Admitted Pro Hac Vice<br>*Attorneys for Defendant City of Miami* | **Victoria Méndez, Esq., City Attorney**<br>**Kerri L. McNulty, Esq., Sr. Asst. City Attorney**<br>**Brandon L. Fernandez, Esq., Asst. City Attorney**<br>**Bryan E. Capdevila, Esq., Asst. City Attorney**<br>**Kevin R. Jones, Esq., Division Chief for Labor and Employment**<br>444 S.W. 2nd Avenue, Suite 945<br>Miami, FL 33130<br>vmendez@miamigov.com<br>klmcnulty@miamigov.com<br>bfernandez@miamigov.com<br>tmickens@miami.gov<br>*Attorneys for Defendant City of Miami* |

CASE NO.: 21-CV-23485-ALTMAN/REID

| | |
|---|---|
| **Thomas E. Scott, Esq.**<br>Cole, Scott & Kissane<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br>Email: Thomas.Scott@csklegal.com<br>*Counsel for Commissioner Joe Carollo* | **Maria A. Fehretdinov, Esq.**<br>**Jason S. Koslowe, Esq.**<br>**Coral Del Mar Lopez, Esq.**<br>**Matthew C. Dates, Esq.**<br>**Chelsea E. Koff, Esq.**<br>**Ryan T. Thornton, Esq.**<br>**Ezra S. Greenberg, Esq.**<br>Stearns Weaver Miller Weissler<br>Alhadeff & Sitterson, P.A.<br>mfehretdinov@stearnsweaver.com<br>jkoslowe@stearnsweaver.com<br>clopez@stearnsweaver.com<br>mdates@stearnsweaver.com<br>ckoff@stearnsweaver.com<br>rthorton@stearnsweaver.com<br>egreenberg@stearnsweaver.com<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, Florida 33130<br>*Counsel for Plaintiffs* |