UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23485-CV-ALTMAN/REID

THE MAD ROOM, LLC, d/b/a BALL
AND CHAIN, ALTOS MEXICANO,
LLC d/b/a TAQUERIAS EL
MEXICANO, LITTLE HAVANA
ARTS BUILDING, LLC, and LA
GRAN FIESTA, LLC,

    Plaintiffs,

v.

THE CITY OF MIAMI,

    Defendant.
_____/

**ORDER ON CONFIDENTIALITY DESIGNATIONS AND
COMMISSIONER CAROLLO'S MOTION FOR PROTECTIVE ORDER**

    This matter is before the Court on Nonparty Commissioner Joe Carollo's Motion for Protective Order [ECF No. 279] and Plaintiffs' objection to the City of Miami's confidentiality designations. *See* [ECF No. 282]. The City has designated the entire transcripts of the depositions of City Attorney Victoria Mendez and Commissioner Carollo as confidential pursuant to the Parties' Stipulated Confidentiality Order. Plaintiffs challenge the designation, requesting this court vacate the City's designation of the deposition transcripts as confidential materials. They claim the transcripts do not qualify as confidential materials under the Stipulated Confidentiality Order and should be treated as any other evidence in the normal course of discovery.

    The Court heard argument regarding this issue from Plaintiffs, Defendant, and Commissioner Carollo at a hearing on March 6, 2023. [ECF No. 282].[1] The City maintains the

---

[1] The Court will address the remaining matters raised and argued at the hearing in a separate order.

1

parties stipulated during a December 9, 2022 hearing [ECF No. 239] that Commissioner Carollo's deposition transcript would be used only in this case. Both the City and Commissioner Carollo claim Plaintiffs seek to remove the confidential designation in order to give the transcripts to the media, the Broward County State Attorney, and to an attorney for William Fuller, an owner of the Plaintiff companies, who is suing Commissioner Carollo in a separate lawsuit. Commissioner Carollo asked the Court to enter a protective order enforcing the purported December 9, 2022 stipulation. *See* [ECF No. 240].

For the reasons discussed below, it is **ORDERED** that designation of the deposition transcripts of City Attorney Victoria Mendez and Commissioner Carollo as confidential is vacated. Furthermore, the Court **DENIES** Nonparty Commissioner Carollo's Motion for Protective Order as Commissioner Carollo has failed to show good cause. [ECF No. 279].

I.   **Factual and Procedural History**

At the request of the parties, on April 27, 2022, this Court entered the Stipulated Confidentiality Order and Protective Order which protects (a) confidential information such as proprietary information or trade secrets; (b) personally identifiable information; and (c) sensitive nonpublic information involving law enforcement or the privacy interests of parties or third parties. [ECF No. 78 at 1]. The purpose of the Confidentiality Order was to "promote the parties' efficient conduct of discovery in this action." [*Id.*]. Under the Confidentiality Order, the Parties may designate any "documents, testimony, and information produced or given in this action" as "Confidential" or "Confidential - Subject to Protective Order." [*Id.* at 2]. Confidential documents can be disclosed only to attorneys of record in the case, independent experts and consultants, court personnel, the parties, including their officers, directors, attorneys and employees to whom it is necessary that the documents be shown for purposes of the litigation, and "such other persons

as are agreed to by all other parties in writing or by Court order." [*Id.* at 4]. Documents designated as confidential can only be used for purposes of the litigation and any public filing must redact the designated document. [*Id.* at 5]. Parties may also designate documents as "Confidential – Attorneys Eyes Only." [*Id.* at 2]. Under that higher designation, documents can only be disclosed to attorneys of record, independent experts and consultants, and court personnel. [*Id.* at 4].

If a party disagrees with a confidentiality designation, they must first confer or attempt to confer in good faith with the designating party to resolve the dispute. [*Id.*]. But, if the parties are unable to resolve the dispute, the objecting party may challenge the designation by motion or other procedure directed by the court. [*Id.*].

Additionally, the Confidentiality Order provides that "[a]ppropriate sections of depositions or hearing transcripts may be designated as confidential by any party." [*Id.* at 3]. Under the Confidentiality Order, "[t]he fact that information or documents have been designated under this Order shall in no way prejudice the right of any party to contest the confidential nature of any documents or information, at the time of trial or otherwise." [*Id.*]. Although the Confidentiality Order does not provide a timeframe to challenge the designations, this Court's discovery procedures require a party seeking relief of a discovery dispute to contact chambers within 15 days after the occurrence of the grounds for relief. [ECF No. 17].

As background, on December 2, 2022, City of Miami Commissioner Joe Carollo moved the Court to quash Plaintiffs' attempt to serve him with a subpoena requiring him to testify at a deposition on December 23, 2022. [ECF No. 230]. In addition to an order quashing service of the subpoena, Commissioner Carollo sought a protective order regarding the date and scope of the subpoena. [*Id.*]. This Court held a hearing on December 9, 2022, in which the parties and Commissioner Carollo agreed to reschedule the deposition to January 2023. [ECF No. 239].

Regarding the scope of the deposition and Defendant's concern that the transcript could be used for purposes other than this litigation, Plaintiffs proposed:

> So they can just designate the whole transcript . . .highly confidential . . . which means it can only be used in the case and only seen by attorneys in the case, and then if we have some issue with that, then we can always bring that to your Honor's attention later.

[ECF No. 279-1 at 40]. The City and Commissioner Carollo accepted the proposed terms, and this Court entered a written order stating: "the Parties agree that the deposition falls within the type of discovery described in the Parties' Stipulated Confidentiality and Protective Order and its disclosure may be governed by that Order." [ECF No. 240 at 2].

A few days later, on December 12, 2022, Plaintiffs took the deposition of City Attorney Victoria Mendez. Commissioner Carollo was deposed on February 6, 2023. At the beginning of the deposition, Commissioner Carollo's counsel requested the deposition transcript be designated as "highly confidential." Plaintiff's counsel immediately responded that Plaintiff's "dispute the designation but will take it up with the Court at another time."

Since then, the City designated both deposition transcripts as confidential. Plaintiffs objected and asked the City and Commissioner Carollo, as part of their good faith conferral, to identify the confidential portions of the transcripts and the legal basis thereof. The City and Commissioner Carollo, however, maintained that the entire deposition transcripts remain confidential based on the Confidentiality Order and the Parties' December 9, 2022 stipulation. Having failed to resolve the dispute, Plaintiffs contacted chambers pursuant to the Court's discovery procedures and requested a hearing to address the confidentiality designations. Commissioner Carollo filed a motion for protective order opposing Plaintiff's request to remove the confidentiality designation and requesting the Court enforce the Parties' purported agreement that the transcript would remain confidential. [ECF No. 279].

## II.     Discussion

**1. Plaintiffs' Request to Vacate the Confidentiality Designations**

### A. Constitutional Right of Access and Common-Law Right of Access

Public disclosure of discovery material is subject to the discretion of the trial court and the federal rules that circumscribe that discretion. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). Where discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.*

Regarding the common-law right of access, the Eleventh Circuit has explained that "federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the media and public presumptively have access to the former, but not to the latter." *Id.* at 1311. An illustrative example is the treatment of discovery material, "for which there is no common-law right of access, as these materials are neither public documents nor judicial records." *Id.*

Here, Plaintiffs conceded at the March 6, 2023, hearing that, at this stage of the litigation, the deposition transcripts of City Attorney Victoria Mendez and Commissioner Carollo are discovery materials for which there is no common-law right of access. They proffered, however, that the deposition transcripts will be used in support of their Motion for Summary Judgment and the Court should remove the confidentiality designations as a practical matter. But, regardless of the common-law right of access—Plaintiffs contend—the confidentiality designation may be contested under the Parties' Stipulated Confidentiality Order.  Plaintiffs argue that the City, as the party seeking to uphold the designations, must identify the confidential information and establish good cause for continued protection under Rule 26.

### B. Federal Rule of Civil Procedure 26(c)

Federal Rule of Civil Procedure 26(c) permits a court, upon motion of either party, to enter a protective order that requires a trade secret, or other confidential research, development, or commercial information, to remain confidential, or to be revealed only in a specified way during the course of litigation. *See* Fed. R. Civ. P 26(c)(1)(G). Here, the Parties have entered into a stipulated umbrella protective order, "which has become standard practice in many civil cases." *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 1175254 (S.D. Fla. Mar. 5, 2018); *see also* [ECF No. 78].

Umbrella protective orders like the Confidentiality Order here allow parties to designate specific documents as confidential and subject the documents to protection under Federal Rule of Civil Procedure 26(c)(7). *See Chicago Tribune Co.*, 263 F.3d at 1307. This method replaces the need to litigate the claim to protection document-by-document and postpones the necessary showing of "good cause" required for entry of a protective order until the confidential designation is challenged. *Id.* (citing *In re Alexander Grant and Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

However, if a party challenges the confidentiality of specific documents pursuant to the umbrella protective order, the party making the designation then has the burden of justifying the designation by demonstrating good cause. *Id.* To demonstrate "good cause" under Rule 26(c)(1)(G), the party seeking protection must show that (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure. *Sumner v. Biomet, Inc.*, No. 7:08-CV-98(HL), 2010 WL 11519199, at *2 (M.D. Ga. July 22, 2010) (citing 6 Moore's Federal Practice, § 26.105[8][a]). The Eleventh Circuit described "good cause" as "a sound basis or legitimate need to take judicial action." *In re Alexander Grant and Co. Litig.*, 820 F.2d at 356.

The Court finds that the City and Commissioner Carollo have failed to justify the designations by demonstrating good cause. First, the City and Commissioner Carollo have failed to show that the deposition transcripts in fact contain confidential information. When asked to identify confidential information within the transcripts, the City and Commissioner Carollo have simply insisted that the entire transcripts must remain confidential because the Parties agreed the transcripts would remain so. In refusing to identify specific portions of the transcripts, the City and Commissioner Carollo fail to appreciate that it is *their* substantial burden to demonstrate good cause for a protective order under Rule 26. *See PayCargo, LLC v. CargoSprint LLC*, No. 1:19-CV-22995, 2021 WL 2072446, at *3 (S.D. Fla. May 24, 2021).

The City and Commissioner Carollo contend that the deposition transcripts categorically constitute "confidential information" pursuant to the Parties' Stipulated Confidentiality Order. But they offer no further description or limitation that would help the Court determine whether the information falls under the Confidentiality Order's three categories of confidential information: (a) proprietary information or trade secrets; (b) personally identifiable information; and (c) sensitive nonpublic information involving law enforcement or the privacy interests of parties or third parties. And having reviewed both transcripts *in camera*, it is not apparent that the transcripts contain proprietary business information such as designs, trade secrets, and processes or personally identifiable information such as social security numbers, home addresses, and personal phone numbers. *Cf. In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2013 WL 214672 (S.D. Fla. Jan. 18, 2013) (finding good cause to uphold confidentiality designation because party seeking protection filed sworn declaration that studies of denture adhesive products had substantial commercial value and involved significant personal and financial resources).

Commissioner Carollo and the City allege that Plaintiffs intend to share the transcripts with the Broward County State Attorney's Office, but they point to no specific information in the transcript that could be compiled for law enforcement purposes or that implicates privacy interests. *Cf. Long v. U.S. Dept. of Justice*, 450 F.Supp.2d 42, at *68 (D.D.C., 2006) (finding case management records compiled for law enforcement purposes, disclosure of fields identifying the subject of the records would implicate privacy interests).

Further, Commissioner Carollo and the City fail to describe how any of the information discussed during the deposition qualifies as *highly* confidential information, "the disclosure of which would cause the party or a third-party economic harm, potential competitive disadvantage, or substantial privacy harm." Without more facts or analysis, this Court cannot reach the City and Commissioner Carollo's conclusion that sealing the entire transcripts is necessary to protect the City and its personnel. And simply showing that the information could harm the City or the Commissioner's reputation "is not sufficient to overcome the strong common law presumption in favor of access to court proceedings and records." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Leber as Tr. of Steven E. Leber Charitable Remainder Unitrust v. Konigsberg*, No. 09-80593-CIV, 2010 WL 11603144, at *2 (S.D. Fla. May 12, 2010) ("[H]arm to Defendants' reputation and the prejudice that may result from the 'unfounded accusations'. . . is simply not enough.").

The City and Commissioner Carollo's argument that the parties agreed to maintain the transcripts confidential is flawed because even though Plaintiffs agreed that the City and Commissioner Carollo could designate the "whole transcript" as confidential pursuant to the Confidentiality Order, Plaintiffs did not waive their right to challenge the designations. The Confidentiality Order provides a mechanism to challenge confidentiality designations and

8

Plaintiffs expressly noted during the December 9, 2022 hearing that "if we have some issue with [the designation], then we can always bring that to your Honor's attention later." [ECF No. 279-1 at 40]. And as Plaintiffs have correctly noted, the Confidentiality Order itself provides that "appropriate *sections* of depositions or hearing transcripts may be designated as confidential." In other words, the Parties did not intend for entire deposition or hearing transcripts be designated as confidential. In fact, at the outset of the deposition, Plaintiffs informed Defendant and Commissioner Carollo of their intent to dispute any blanket confidential designation.

Second, the City and Commissioner Carollo have not shown that any harm caused by disclosure of the transcripts outweighs the need of the party seeking disclosure. "[P]rotective orders serve the purpose of protecting third-party privacy rights and/or sensitive and proprietary type information, and the party requesting the protective order must make a specific demonstration in support of the request, as opposed to conclusory or speculative statements about the need for a protective order and the harm which will result without one." *Leber as Tr. of Steven E. Leber Charitable Remainder Unitrust v. Konigsberg*, No. 09-80593-CIV, 2010 WL 11603144 (S.D. Fla. May 12, 2010). Here, the City and Commissioner Carollo have offered only conclusory and speculative statements that the transcripts contain sensitive and potentially incriminating information. But without identifying the confidential information or presenting facts and evidence of a specific harm, the Court cannot balance the alleged injury against disclosure.

The City has argued that Plaintiffs will suffer no prejudice by keeping the transcripts confidential and there is no public right of access to the transcripts because these qualify as discovery materials at this stage of the litigation. That is not the test, however. The City and the Commissioner have the burden to establish how they would be harmed by the removal of the designation. Commissioner Carollo insists Plaintiffs wish to remove the designations simply to

disclose the transcripts to the media and the Broward State Attorney's Office as part of a "public smear campaign." [ECF No. 279 at 9]. *See Smart Commc'ns Holding, Inc. v. Correct Sols.*, LLC, No. 8:20-CV-1469-T-30JSS, 2020 WL 10498682, at *3 (M.D. Fla. Oct. 16, 2020) ("The good cause requirement 'contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"). Plaintiffs have stated that they have no interest in using the deposition other than in this case. By their own admission, the City and Commissioner Carollo want Plaintiffs to redact or seal any deposition testimony filed in support of their motion for summary judgment. It seems the City and Commissioner Carollo aim to shift the burden of determining what documents should or should not be filed under seal to Plaintiffs by designating the entire transcripts as confidential. This one-size-fits-all approach to every word on hundreds of pages of documents will not do. *See Suell v. United States*, 32 F. Supp. 3d 1190, 1192 (S.D. Ala. 2014).

2. **Commissioner Carollo's Motion for Protective Order**

As noted, in addition to joining the City 's argument regarding the confidential designation, Commissioner Carollo filed a motion requesting the Court enter a protective order prohibiting Plaintiffs from using the deposition for purposes other than this case. [ECF No. 279 at 9]. He alleges Plaintiffs will share the deposition transcripts with the media and State Attorney if the confidentiality designations are removed. Plaintiffs' goal—he says—is to win the case in the "court of public opinion" by smearing his reputation and suggesting he is the subject of a criminal investigation. [ECF No. 279 at 8]. The Commissioner alleges Plaintiffs tried to intimidate him and City Attorney Mendez during their depositions by asking personal questions, repeatedly mentioning an ongoing criminal investigation, and reminding the Commissioner about his Fifth Amendment right against self-incrimination. He asks the Court to enforce Plaintiffs' representation

that a transcript designated as highly confidential would be used and seen only by attorneys in this case. [ECF No. 279 at 1–2].

This court may enter a protective order only for "good cause." *See Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 335–36 (11th Cir. 2011); *see also* Fed.R.Civ.P. 26(c). And, while the district court has broad discretion in fashioning protective orders, the court must articulate its reasons for imposing such orders. *In re Alexander Grant & Co. Litigation*, 820 F.2d. at 357 ("A district court must articulate its reasons for granting a protective order sufficient for appellate review."). The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008).

In some circumstances, "[f]ederal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement. This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Tillman v. C.R. Bard, Inc.*, 297 F.R.D. 660 (M.D. Fla. 2014) (quoting *Chicago Tribune Co.*, 263 F.3d at 1313).

Here, Commissioner Carollo makes broad allegations of harm to his reputation but presents no evidence or specific examples showing how disclosure of the depositions would unfairly burden him. The Commissioner simply presents conclusory statements that the deposition transcripts will

be used in the *Fuller v. Carollo* lawsuit and shared with nonparties such as the media and State Attorney. For instance, the Commissioner states in his motion that information regarding the scheduling of his deposition was "apparently improperly supplied to the local media," but he submits no allegations or evidence showing that it was Plaintiffs who directly shared any information regarding the scheduling of his deposition. [ECF No. 279 at 5]. The Commissioner's allegation that Plaintiffs have shared information with the media to win their cases in the "court of public opinion" is simply too vague and speculative to satisfy the Rule 26(c) test.

Similarly, the Commissioner claims that Plaintiffs have employed bad faith litigation tactics, including harassment and intimidation, by reminding the witnesses about an ongoing criminal investigation and their Fifth Amendment right against self-incrimination. [ECF No. 279-3]. A review of the transcript, however, shows that in context, counsel's reminders about the Fifth Amendment or an ongoing investigation were infrequent and standard. For instance, Plaintiffs' counsel asked the Commissioner early in the deposition whether he knew he could discuss with his attorneys his right to invoke the Fifth Amendment privilege. Plaintiffs' counsel went on to explain that, given the Commissioner's knowledge of such right, any response to the deposition questions would be "knowingly, intentionally, and voluntarily" [ECF No. 279-4 at 23]. Also, the Commissioner points to a voicemail left by Plaintiffs' counsel for a third party, a medical doctor, regarding Commissioner Carollo, that could potentially be interpreted as a threat to refer the doctor to the state attorney's office. [ECF No. 279 at 5]. The voicemail does not appear to be directly referenced in the deposition transcript. When Plaintiff asked Commissioner Carollo about any discussions he had with the doctor about the litigation and whether he had asked the doctor to "write a doctor's note to permit [him] not to attend [his] deposition," Commissioner Carollo's

12

attorney instructed him not to answer the question and he did not. Based on these questions and comments alone, it is not evident that entry of a protective order is necessary.

The Commissioner cites cases like *United States v. MacCloskey*, 682 F.2d 468 (4th Cir. 1982) and *United States v. Morrison*, 535 F.2d 223 (3d Cir. 1976) to show Plaintiffs have engaged in bad faith litigation practices. Those were criminal cases, however, and resulted in a new trial given the prosecutor's impermissible comments on the defendant's Fifth Amendment right against self-incrimination. They do not involve civil litigation or a motion for protective order to restrict disclosure of discovery materials.

*Fodor v. E. Shipbuilding Group* is similarly distinguishable as that case involved email threats sent by the plaintiff to defense counsel that he would file bar complaints or begin criminal proceedings if defense counsel continued to "harass" him. No. 5:12CV28/RS/CJK, 2013 WL 12174647 (N.D. Fla. Dec. 19, 2013). The court ultimately admonished plaintiff that future threats against defendant or defense counsel would result in a monetary sanction. *Id.* at *4. *Fodor* is distinguishable because, there, the defendant sought sanctions against the plaintiff—not a determination of whether there was good cause to enter a protective order. *See id.* Furthermore, the email sent by the plaintiff in that case contained a clear threat against defense counsel that plaintiff would initiate criminal proceedings or file bar complaints unless defense counsel did what he asked. *See id.*

Additionally, the Commissioner argues Plaintiffs asked the City Attorney multiple questions about her husband and his business associations "for the purpose of sending the Commissioner's deposition to the State Attorney and the media in furtherance of Plaintiffs' improper tactic of using a criminal investigation to gain leverage in these civil cases." [ECF No. 279 at 8]. This broad assertion, however, is unsupported by further facts or legal argument showing

a protective order is necessary. In sum, the Commissioner has failed to meet his burden under Rule 26(c) for entry of a protective order.

Lastly, Commissioner Carollo is a public official, and the case involves scrutiny of the official conduct of a public official. He points to no case that has held that this alone would constitute good cause to impose a protective order. Commissioner Carollo has shown no substantial government interest that would be affected, any personal threat to him, or any invasion of his privacy rights that would result if his motion is denied. In sum, having analyzed the parties' arguments and reviewed the transcript involved, the Court concludes a protective order preventing the disclosure of the commissioner's deposition transcript is unwarranted. For these reasons, the Commissioner's Motion for Protective Order is **DENIED**.

### III.     Conclusion

In conclusion, the Court **ORDERS** the City of Miami to **VACATE** the confidentiality designations placed upon the deposition transcripts of City Attorney Victoria Mendez and Commissioner Carollo. Furthermore, Nonparty Commissioner Carollo's Motion for Protective Order is **DENIED**. [ECF No. 279].

**DONE AND ORDERED** in Miami, Florida, this 5th day of April 2023.

_____
Lisette M. Reid
UNITED STATES MAGISTRATE JUDGE

cc:     **All Counsel of Record**