IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:21-cv-23485-Altman/Reid

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND
LA GRAN FIESTA, LLC

    *Plaintiffs*,

v.

THE CITY OF MIAMI,

    *Defendant*.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
THE CITY OF MIAMI AND INTERESTED WITNESS JOE CAROLLO'S
REQUEST FOR EXPEDITED CONSIDERATION**

    Plaintiffs The Mad Room LLC d/b/a Ball And Chain, Altos Mexicano, LLC d/b/a Taquerias El Mexicano, Little Havana Arts Building, LLC, and La Gran Fiesta, LLC ("Plaintiffs") respond in opposition ("Response") to Defendant City of Miami's ("City") and interested witness Joe Carollo's ("Carollo") request, in their Objection ("Objection") to Magistrate Judge Reid's April 6, 2023 Order ("Order on Confidentiality Designations") and Expedited Motion to Stay Pending Appeal ("Motion to Stay"), [ECF No. 299], for expedited consideration of their Motion to Stay. For clarity, Plaintiffs only respond here to the request for expedited consideration, and do not yet respond to the merits of the Objection or to the Motion to Stay, reserving all rights thereto:

**INTRODUCTION**

    The City and Carollo's sole stated reason for expedited consideration of their stay motion—that material determined by Judge Reid to be non-confidential may be used in an ongoing and separate trial—is facially invalid. The Carollo and Mendez deposition transcripts are freely available in Carollo's separate related lawsuit alleging speech retaliation *regardless* of Judge

1

Reid's unassailable Order on Confidentiality Designations; the City and Carollo manufactured this "emergency" by waiting until *the middle of trial* in the speech retaliation lawsuit to request a stay here; and, unless Carollo and Mendez lied at deposition or intend to at trial, their trial testimony will necessarily reveal the content of their prior depositions and thus moot whatever confidentiality concern the City and Carollo could have (along with this fake emergency). The Court should deny expedited consideration and permit Plaintiffs to respond to both the Motion to Stay and the Objections within normal timelines.

The City and Carollo's Objections and Motion to Stay combine three issues: merits objections to the Order on Confidentiality Designations; a request to stay effectiveness of that Order pending this Court's resolution of the Objections; and a request that the Court rule on the Motion to Stay by April 24 (three business days after their filing).

***Plaintiffs unqualifiedly oppose the Objections and Motion to Stay***. Judge Reid's decision to vacate the City and Carollo's unsupportable confidentiality designations is beyond reproach. But we need not and do not address either the Objections or Motion to Stay here. Rather, this Response assumes (as we must) that the City and Carollo could muster some cognizable challenge to the Order on Confidentiality Designations (they cannot), and explains why they fail to justify any expedited consideration.

The City and Carollo offer only one argument for expedited consideration of their motion to stay: that "it is very foreseeable" that the Carollo and Mendez deposition transcripts may be used (ostensibly to impeach) "when these witnesses take the stand" in Carollo's ongoing speech retaliation trial, and if that happens, "any confidentiality interest will be lost forever." City Obj. and Mot. at 17. That fails for three independent reasons.

2

*First*, all of the lawyers and litigants trying Carollo's unlawful retaliation against political speech already have, and are allowed full access to, the Carollo and Mendez deposition transcripts, *before and regardless* of the Order on Confidentiality Designations. As the City and Carollo repeatedly advocated and acknowledged, the plaintiffs in that lawsuit have a common interest with Plaintiffs here (just as Carollo in that lawsuit has a common interest with the City here)—accordingly, they were entitled to the transcripts even before Judge Reid vacated the City and Carollo's blanket and improper confidentiality designations. Indeed, and again as the City and Carollo admit, *counsel for the separate plaintiffs, and even both of those plaintiffs themselves, were all present and announced for the record on the transcript at Carollo's deposition*. The horse had left the barn well before Judge Reid ruled that the City and Carollo were wrong to try and close it. Staying, or even reversing, the Order on Confidentiality Designations would have absolutely no effect on the entirely proper exposure of the Carollo and Mendez deposition transcripts to the separate Carollo trial. Obviously, that potential exposure cannot justify expedited consideration of a moot point. That alone should settle the question.

*Second*, the City and Carollo sat on their hands to contrive this "emergency"—their tactical decision to delay cannot justify expedited relief. Judge Smith, presiding over Carollo's speech retaliation case, set that trial for April 10, 2023 and denied requests for a continuance even before Judge Reid heard the confidentiality issue. Indeed, the City and Carollo requested that Judge Reid rule before the pre-set trial date. Judge Smith then denied Carollo's March 17, 2023 motion for continuance. Judge Reid issued the Order on Confidentiality Designations on April 6, and declined to hear the City's April 7 letter-request for a stay, all ahead of the April 10 trial. But the City and Carollo still delayed seeking a stay from the Court. Instead, they waited *ten days* into trial to then feign panic and request a Court order on three-days' notice. Whether they delayed to intentionally

3

disrupt the trial, or because they simply forgot, a manufactured emergency does not warrant expedited proceedings.

*Third*, the City and Carollo have failed to explain how *any* confidentiality designation, even if valid, could prevent use of the Carollo and Mendez deposition transcripts at the ongoing trial. Plaintiffs have located no law suggesting that confidentiality outweighs use of sworn testimony to impeach party witnesses. If such law exists, Carollo can simply ask Judge Smith to restrict public access during the trial—and if there is any legal basis to do so, Judge Smith can order that relief (of course, as Judge Reid found, there is no such basis). Regardless, because Carollo never asserted confidentiality and Judge Smith denied all of Carollo's motions *in limine* in the speech retaliation case, Carollo's and Mendez's testimony at trial (if solicited) will reveal in public whatever content from the deposition transcripts the City and Carollo insist is confidential. In other words, confidentiality of the content of the Carollo and Mendez depositions will necessarily be moot once those witnesses testify at trial.

In any event, the Carollo and Mendez deposition transcripts would only be used at the ongoing trial if Carollo and Mendez testify inconsistently and the plaintiffs there are forced to impeach. Avoiding that scenario is entirely within Carollo's and Mendez's control. Consistent and truthful testimony obviates use of the allegedly confidential transcripts. This exposes an unseemly truth behind the City and Carollo's tactics here. Because the deposition transcripts can only be used to impeach, the only reason the City and Carollo could possess to block use of the transcript at the ongoing trial is to aid Carollo and Mendez in mis-testifying and then avoiding impeachment.

The City and Carollo's stated reason cannot justify expedited (or frankly, any) consideration by this Court. Just the opposite. Because, as the City repeatedly emphasizes, summary judgment and other pre-trial deadlines in this case are temporarily stayed, the Court

4

should permit Plaintiffs to respond to the Motion to Stay and Objections on a relaxed or normal briefing schedule, as proposed below.

## BACKGROUND

1. On June 15, 2022, trial was set for April 10, 2023 in a separate matter, *Fuller et al. v. Carollo*, Case No. 18-cv-24190 (S.D. Fla.), before Judge Rodney Smith. The plaintiffs in that lawsuit allege, *inter alia,* unconstitutional retaliation by Carollo against their protected political speech.

2. City Attorney Victoria Mendez was deposed in this case on December 12, 2022.

3. City Commissioner Joe Carollo was deposed in this case on February 6, 2023.

4. Counsel for plaintiffs in the separate speech retaliation matter, and both individual plaintiffs themselves, attended Carollo's deposition in this case, and were announced on the record. Neither the City nor Carollo lodged any objection.

5. Carollo was defended by three law firms personally and by two law firms on behalf of the City. Mendez was defended by two law firms on behalf of the City, including her own office.

6. For each deposition, the City of Miami (and, for Carollo's deposition, Carollo as well) designated the entirety of the deposition transcript as confidential.

7. On March 2, 2023, Judge Smith denied the parties' request for a status conference to modify the Court's scheduling order, including a continuance of the April 10 trial date.

8. On March 6, 2023, after formal briefing from all parties on the propriety of the City's confidentiality designations, the Court held a full day hearing on a range of discovery and confidentiality issues.

9. At the outset of the hearing, the City and Carollo affirmed and acknowledged that Plaintiffs here and the plaintiffs in the separate suit share a common interest and may thus access all discovery material from this case pursuant to the Court's "Confidentiality Order," [ECF No.

5

78]—just as the City, the defendant here, and Carollo, the defendant there, share a common interest and may share discovery material.

10. At the hearing, the City and Carollo both emphasized the upcoming separate trial as a basis to uphold their confidentiality designations.

11. On March 7, 2023, Judge Smith ordered Carollo to sit for deposition in the separate matter.

12. On March 21, 2023, Carollo was deposed in the separate matter. Carollo's February 6, 2023 testimony in this matter was referenced in the March 21 deposition.

13. On March 24, 2023, Judge Smith denied Carollo's motion for 90-day continuance of trial and other pre-trial deadlines.

14. On April 6, 2023, this Court determined that the City and Carollo's confidentiality designations were improper and ordered the City to vacate all such designations. *See* Order on Confidentiality Designations [ECF No. 297].

15. On April 7, 2023, the City by letter-brief to Judge Reid attempted to reargue their confidentiality designations and requested from Judge Reid a stay of the Order on Confidentiality Designations.

16. On April 10, 2023, Plaintiffs responded to the letter-brief, including in opposition to the City's stay request.

17. As of the filing of this opposition, Judge Reid has not issued an order staying Her Honor's Order on Confidentiality Designations.

18. On April 10, 2023, jury trial in the separate matter began. Trial has continued since, with certain days continued for the taking of limited discovery and other proceedings in that case.

19. The City and Carollo waited until April 19, 2023 to file the Objections to the Order on Confidentiality Designations, Motion to Stay the Order pending resolution of the Objections, and the instant request for expedited consideration of their Motion to Stay. *See* [ECF No. 299].

20. The City and Carollo ask the Court to grant their Motion to Stay by April 24, 2023—three business days after their filing.

## LEGAL STANDARD

S.D. Fla. L. R. 7.1(d)(2) allows the Court to waive standard time requirements for motion practice—but only upon "good cause shown" by the party requesting expedited consideration, and only upon presentation "in detail" by the requesting party of justifiable "reason the ruling is needed by the stated date."

Orders and decisions on non-dispositive discovery matters issued by a Magistrate Judge mandate compliance unless (and in the unlikely event it is) disturbed by the District Court—regardless of pending objections. *See*, *e.g.*, *In re Hornbeam Corp.*, 2018 WL 7577228, at *2 (S.D. Fla. Mar. 16, 2018) ("Courts in this Circuit recognize that even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court. As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order.") (cleaned up); *Express Homebuyers USA, LLC v. WBH Marketing, Inc.*, 2018 WL 1814198, at *1 (S.D. Fla. Mar. 1, 2018) ("A discovery order is a final order absent reversal by the court."); *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M. D. Fla. 2013) (magistrate judge's order on non-dispositive matter is final despite objections, which do not stay the order or relieve compliance therewith).

**ARGUMENT**

The City and Carollo fail to show good cause for expedited consideration because the "reason" they offer is bogus. This Court's consideration of the City and Carollo's Motion to Stay Judge Reid's Order on Confidentiality Designations will have no impact on use of the Carollo and Mendez deposition transcripts at the separate speech retaliation trial.

    **A.**    **The Carollo and Mendez Depositions Are Already Actually Available in the Speech Retaliation Case—Whatever the Result of the Instant Motion to Stay.**

The City and Carollo ask the Court to expedite consideration of their stay request so that the prospective stay could block use of the Carollo and Mendez deposition transcripts at Judge Smith's trial on Carollo's attempts to punish and quash political speech. But those deposition transcripts are fully available to all parties and counsel in that case and fully available at that trial, whether Judge Reid's Order on Confidentiality Designations is stayed or not. So there is no need for expedited consideration.

The Court's stipulated Confidentiality Order [ECF No. 78] expressly permits access (according to the Order's terms) to highly confidential discovery material from this case by counsel sharing a common interest or joint defense with the parties here. *See id*. at ¶ 6. The City and Carollo confirmed multiple times on the record that the plaintiffs and their counsel in the separate lawsuit share a common interest with the Plaintiffs in this lawsuit, and may therefore access all confidential discovery material from this case—just like Carollo and his counsel in the separate case can access confidential discovery material because of their common interest with the City here. Indeed, the City and Carollo confirmed this during the hearing that led to Judge Reid's Order on Confidentiality Designations. Because of that common interest—and this point is especially poignant—counsel to the plaintiffs in the separate lawsuit, and both of the individual plaintiffs themselves, were all present at Carollo's deposition in this case. The same several law firms defending Carollo in his other lawsuit defended his deposition here. The separate plaintiffs'

counsel and the plaintiffs themselves were announced for the record during the deposition. Neither the City nor Carollo objected to their attendance. Those same lawyers and clients were present again when Carollo was deposed in the separate matter, *during which the prior deposition transcript was referenced*.

All of that occurred despite the City and Carollo's (ultimately vacated) blanket designation of the depositions as confidential, and before Judge Reid entered the Order on Confidentiality Designations.

Those admitted facts belie the City and Carollo's claimed exigency. The Carollo and Mendez deposition transcripts are fair game in Carollo's anti-free-speech trial, regardless of the City and Carollo's Motion to Stay.

### B. The City and Carollo Cannot Allege Exigency After Tactically Delaying Their Request.

Carollo's trial was set almost a year ago. And set in stone—despite attempts at continuance. The City and Carollo long emphasized their intent (however unsupportable) to block the Carollo and Mendez depositions from that trial. As the City and Carollo requested, Judge Reid issued the Order on Confidentiality Designations prior to start of the trial. But the City and Carollo delayed *two weeks* from the Order and *a week and half into* the trial to seek a stay from this Court—only to then ask Plaintiffs to brief and the Court to rule within three business days. Tactical delay by the City and Carollo cannot justify expedited consideration by the Court. *See Moody v. Miami-Dade Cnty.*, 2020 WL 13614263, at *2 (S.D. Fla. July 10, 2020) (litigant's own undue delay defeated good cause needed to modify deadline).

### C. The City and Carollo's Fake Confidentiality Assertions Could Not Block Use of the Depositions at Trial, Anyway.

The City and Carollo never explain how an expedited (or really, any) stay could prevent introduction of the Carollo and Mendez deposition transcripts at the separate trial. That failure

9

betrays a deeper, more disturbing, truth: Because those depositions transcripts could only be used at trial to impeach or otherwise contradict false or inconsistent testimony from Carollo or Mendez at trial, the City and Carollo's only motive for trying to block use of the transcripts at trial is to help those witnesses offer potentially false and conflicting testimony to the jury.

As an initial matter, the City and Carollo's position—that an expedited stay would bar use of the depositions at the separate trial—assumes that a confidentiality designation in one case would prevent use of prior sworn testimony to impeach, or countermand hearsay exceptions to the introduction into evidence of statements or admissions of party-opponents, in another case.[1] But even if the City and Carollo's questionable assumption holds, this Court need not rush to judgment on a stay. Judge Smith has the full panoply of trial management tools to "protect" the City and Carollo's "confidentiality," if His Honor finds anything "confidential" to "protect" (of course, there isn't any). What's more, the City and Carollo's confidentiality concerns, illegitimate as they are, will necessarily be mooted at trial. There is no request or order in Judge Smith's case which could restrict or seal any of Carollo's or Mendez's testimony as confidential. So, if and when Carollo and Mendez testify at trial, they will repeat whatever "confidential" information to which they testified at deposition.

Perhaps more important here is the question of *why* the City and Carollo are trying so hard to keep the Carollo and Mendez deposition transcripts out of Carollo's speech retaliation trial. Neither the City nor Carollo suggest any infirmity or lack of witness defense at the Carollo or Mendez depositions; they could not, because the witnesses were defended by a phalanx of lawyers. Carollo says he will testify, and Mendez may testify, at Carollo's trial. Carollo and Mendez must

---

[1] Plaintiffs did not locate case law so holding.  Indeed, basic evidentiary rules suggest the opposite. *See* Fed. R. Evid. 613 (examining party need not even show witness prior statement in order to impeach).

testify truthfully, including consistently with prior sworn testimony given in this case. Their prior deposition transcripts are admissible in the Carollo trial only as party admissions to contradict inconsistent testimony, or to impeach based on inconsistent testimony. In other words, the transcripts are only useful to the plaintiffs in that lawsuit where Carollo or Mendez "forget" or invent new stories on the stand. Plaintiffs thus cannot surmise what motive the City and Carollo have to prevent use of the Carollo and Mendez deposition transcripts other than to remove an essential fact-checking tool for plaintiffs at trial.

## PROPOSED BRIEFING SCHEDULE

The City and Carollo are at pains to emphasize that, aside for closed and ongoing discovery, all other deadlines in this case are temporarily stayed—pending resolution of the City's motion to dismiss. There can be no need, or benefit to the parties or the Court, to rush briefing when the case is temporarily stayed.

Accordingly, rather than expedited consideration, the Court should allow slightly relaxed (if not normal) deadlines to brief both the Motion to Stay and the Objections. Plaintiffs request a deadline of <u>twenty-one (21) days to respond to the Motion to Stay</u> (as opposed to fourteen (14) days), and <u>thirty (30) days to respond to the Objections</u> (as opposed to fourteen (14) days).

## CONCLUSION

Judge Reid correctly rejected the City's and Carollo's hollow claims of confidentiality. But even if the Order on Confidentiality Designations were subject to legitimate challenge (it is not) or susceptible to a stay on its effectiveness (also, it is not), the City and Carollo fail to show good cause, or any cause, to waste party and Court resources for expedited consideration. The plaintiffs separately trying Carollo for retaliating against their protected political speech have access to the Carollo and Mendez deposition transcripts regardless of any stay—because they were permitted such access even when the transcripts were improperly designated confidential. The City and

11

Carollo cannot claim emergency, having waited two weeks and into the middle of a trial to only now seek to disrupt that trial. And the City and Carollo offer no law which would allow parties in one case to abuse a confidentiality designation to help avoid potential impeachment in another case.

WHEREFORE, Plaintiffs respectfully request that the Court (1) deny the City and Carollo's request for expedited consideration of their Motion to Stay; (2) permit Plaintiffs to respond to the Motion to Stay and Objections on the timeline stated herein (or alternatively on standard deadlines); and (3) grant all such other relief as it deems just and proper.

Dated: April 24, 2023

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
By: /s/ *Jason S. Koslowe*

   MARIA A. FEHRETDINOV
   Florida Bar No. 52084
   mfehretdinov@stearnsweaver.com
   JASON S. KOSLOWE
   Florida Bar No. 122758
   jkoslowe@stearnsweaver.com
   MATTHEW C. DATES
   Florida Bar No. 90904
   mdates@stearnsweaver.com
   EZRA S. GREENBERG
   Florida Bar No. 85018
   egreenberg@stearnsweaver.com
   CORAL DEL MAR LOPEZ
   Florida Bar No. 1022387
   clopez@stearnsweaver.com
   RYAN T. THORNTON
   Florida Bar No. 99195
   rthorton@stearnsweaver.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 24, 2023, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| VICTORIA MÉNDEZ, City Attorney<br>ERIC J. EVES, Assistant City Attorney<br>BRANDON L. FERNANDEZ, Assistant City Attorney<br>JOHN A. GRECO, Deputy City Attorney<br>KERRI L. MCNULTY, Office of City Attorney<br>BRYAN E. CAPDEVILA, Assistant City Attorney<br>KEVIN R. JONES, Division Chief for Labor & Employment<br>vmendez@miamigov.com<br>kjones@miamigov.com<br>eeves@miamigov.com<br>bfernandez@miamigov.com<br>tmickens@miamigov.com<br>jagreco@miamigov.com<br>klmcnulty@miamigov.com<br>csantos@miamigov.com<br>bcapdevila@miamigov.com<br>mgriffin@miamigov.com<br>Attorneys for Defendant<br>444 S.W. 2nd Avenue, Suite 945<br>Miami, FL 33130-1910 | RAQUEL A. RODRIGUEZ, ESQ.<br>A. SHEILA ORESTSKY, ESQ.<br>MIRANDA LUNDEEN SOTO, ESQ.<br>DANIEL R. LAZARO, ESQ.<br>KELLY H. KOLB, ESQ.<br>JENNIFER OLMEDO-RODRIGUEZ, ESQ.<br>JESSE STOLOW, ESQ.<br>BUCHANAN INGERSOLL & ROONEY PC<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 1500<br>Miami, FL 33131-1822<br>raquel.rodriguez@bipc.com<br>sheila.oretsky@bipc.com<br>miranda.soto@bipc.com<br>dan.lazaro@bipc.com<br>jennifer.olmedo-rodriguez@bipc.com<br>jesse.stolow@bipc.com<br><br>GRETCHEN JANKOWSKI, ESQ.<br>MACKENZIE A. BAIRD, ESQ.<br>BUCHANAN INGERSOLL & ROONEY PC<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA  15219-4413<br>gretchen.jankowski@bipc.com<br>mackenzie.baird@bipc.com<br><br>*Admitted Pro Hac* |

                                                                  */s/ Jason S. Koslowe*
                                                                  JASON S. KOSLOWE