UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-23485-ALTMAN/Reid

THE MAD ROOM, LLC
*d/b/a* BALL AND CHAIN *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

## <u>OMNIBUS ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDERS</u>

The City has filed four objections to Magistrate Judge Reid's orders. The City first objects to Judge Reid's Order Denying the City's Amended Motion for Sanctions [ECF No. 211]. The City next objects to Judge Reid's order removing confidentiality designations from the depositions of Commissioner Joe Carollo and City Attorney Victoria Mendez [ECF No. 297] at 5. The City then objects to Judge Reid's denial of Commissioner Carollo's requested protective order [ECF No. 297] at 10. Finally, the City objects to Judge Reid's order denying its motion to redact and seal portions of the March 6, 2023 hearing transcript [ECF No. 314]. With one minor exception (described below), the City hasn't shown that Judge Reid committed any clear errors of law or fact. We therefore **OVERRULE** (again, with one minor exception) all its Objections [ECF Nos. 227, 299, 317].

### THE LAW

"Pursuant to the Federal Magistrate's Act, a district court reviews a magistrate judge's ruling on non-dispositive matters under the clearly-erroneous or contrary-to-law standard." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* FED. R. CIV. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a

magistrate judge to hear and decide . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). And "a routine pretrial discovery motion . . . is not included in [28 U.S.C. § 636(b)(1)(A)'s] list of dispositive motions." *Jordan*, 947 F.3d at 1327; *see also Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1286 (11th Cir. 2003) ("We review the district court's rulings on discovery issues for abuse of discretion.").

This is an "exacting standard." *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* at 1272 n.92 (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (Graham, J.) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)). "A magistrate judge's order is 'contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bradford Emergency Grp., LLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2022 WL 4545177, at *1 (S.D. Fla. Sept. 29, 2022) (Singhal, J.) (quoting *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).

## ANALYSIS

1. **The City's Objections ("November 30 Objections") [ECF No. 227] to Magistrate Judge Reid's November 16, 2022 Order ("November 16 Order") [ECF No. 211] Denying the City's Amended Motion for Sanctions [ECF No. 168]**

In 2018, William Fuller and Martin Pinilla, the owners of Mad Room, retained Jeffrey Gutchess to represent them in a federal lawsuit against the City of Miami and Commissioner Joe Carollo.[1] On February 24, 2021, Gutchess deposed Emilio Gonzalez, who served as City Manager from January

---

[1] The parties refer to that case as "*Fuller v. Carollo*"—and so will we.

2018 through January 2020. And, on June 30, 2022, our Plaintiffs deposed Gonzalez in *this* case. According to the City, Gonzalez's second deposition violated Rule 4–4.2 of the Florida Rules of Professional Conduct, which prohibits an attorney from contacting represented parties.

In its Amended Motion for Sanctions, the City asked us to sanction the Plaintiffs' lawyers, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("Stearns Weaver"), for this (alleged) bar violation. *See* Amended Motion for Sanctions [ECF No. 168] at 21. The City claimed that Stearns Weaver failed to disclose, before Gonzalez's deposition, a sworn statement and six memoranda Gonzalez had prepared about conversations he'd had with the City Attorney. *Id.* at 5. The City also alleged that, by "using"[2] Gonzalez's sworn statement, Stearns Weaver doubled down on the earlier ethical violations committed by Gutchess, who (according to the City) had, in questioning Gonzalez, solicited privileged information from a represented official, in violation of Rule 4–4.2. On November 16, 2022, Magistrate Judge Reid issued her November 16 Order denying the City's Amended Motion for Sanctions [ECF No. 211]. The City filed its Objections to that order on November 30. *See* November 30 Objections [ECF No. 227].

The City offers three arguments in support of its Objections. The first two attack Judge Reid's determination that Gutchess *didn't* violate the Florida Rules of Professional Conduct: *First*, the City contends that Judge Reid committed clear error by failing to conduct an evidentiary hearing to resolve disputed facts. *Second*, the City maintains that Judge Reid erred in concluding that, because he was no longer a City employee, Gonzalez *couldn't* impute liability to the City. *Third*, the City says that Judge Reid abused her discretion by declining to sanction Stearns Weaver for failing to timely produce a

---

[2] The City concedes that it doesn't know the extent to which Stearns Weaver "used" Gonzalez's sworn statement. *See* November 30 Objections at 6 ("The full extent of how much Stearns used the Gonzalez statement throughout this case and when they received it is still in dispute.").

privilege log and for not disclosing Gonzalez's witness statements *before* his deposition. We'll address (and reject) each argument in turn.

*First*, Judge Reid didn't commit clear error by declining to conduct an evidentiary hearing on the extent of Gonzalez's authority to reject the City's representation. "Generally, a district court's 'decision about whether to hold an evidentiary hearing lies within the court's sound discretion and will be reviewed only for an abuse of discretion.'" *United States v. Kapordelis*, 569 F.3d 1291, 1308 (11th Cir. 2009) (quoting *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006)). In *Didie v. Howes*, the Eleventh Circuit held that the district court "abused its discretion in not holding a hearing to determine whether Rule 11 sanctions were appropriate" because the case involved "contradictory factual issues" and because only "sporadic, marginal discovery ha[d] been conducted to establish the asserted claims." 988 F.2d 1097, 1104–05 (11th Cir. 1993).

Our case is different. For one thing, discovery on the asserted claims has been anything but "sporadic" or "marginal." The parties have engaged in bitter and protracted discovery for the better part of 18 months. During that discovery period, they've taken dozens of depositions, traded tens of thousands of documents, and filed no fewer than *eight* separate objections to Judge Reid's discovery orders. *See generally* Docket. For another, we agree with the Plaintiffs that the City's (supposedly) contested facts are not *really* in dispute. The Plaintiffs, for example, don't disagree that "Jeffrey Gutchess acknowledged in certain email correspondence that the City represented current and former City employees in depositions, and stated he was 'happy to coordinate' with Green for the depositions." Plaintiffs' Memorandum in Opposition to the City of Miami's Objections to Magistrate Judge Reid's November 16, 2022 Order [ECF No. 241] at 7. Nor do the Plaintiffs contest that "Gonzalez stated during his statement that he declined the City Attorney's Office's offer of representation in the Fuller Litigation and found the offer 'very inappropriate.'" *Ibid.* The gravamen of this dispute is thus *not* about the salient facts; it's about the legal (or ethical) implications of those

4

facts. And "[i]t is not an abuse of discretion to refuse to hold an evidentiary hearing where none of the material facts are in dispute." *Fla. Wildlife Fed'n Inc. v. Adm'r, U.S. Env't Prot. Agency*, 620 F. App'x 705, 708 (11th Cir. 2015). We're therefore satisfied that Judge Reid didn't abuse her discretion in declining to hold an evidentiary hearing here.

*Second*, Judge Reid didn't commit clear error when she found that Gonzalez, the former City Manager, didn't have the authority to bind the City through statements he made when he was no longer employed as a City official. A magistrate judge's order is contrary to law when it fails to apply (or misapplies) relevant statutes, case law, or rules of procedure. *See Bradford*, 2022 WL 4545177, at *1. And "the standard for overturning a Magistrate Judge's Order is a very difficult one to meet . . . because the clearly erroneous or contrary to law standard of review is extremely deferential." *Ibid.* (cleaned up). In her November 16 Order, Judge Reid interpreted a Florida Supreme Court case, *H.B.A. Mgmt., Inc. v. Est. of Schwartz by & through Schwartz*, 693 So. 2d 541 (Fla. 1997), to mean that a former employee whose interests are no longer aligned with his former employer's *may* seek out new representation, *see* November 16 Order at 10–11. Indeed, under the rule the Florida Supreme Court laid out in *H.B.A.*, the former employer's lawyer may actually be *precluded* from representing the former employee. *See H.B.A. Mgmt.*, 693 So. 2d at 544 ("In many cases it may be true that the interests of the former manager or employee are not allied with the interests of the corporation. In such cases the conflict of interests would preclude the corporation's attorney from actually representing the individual and therefore would preclude the corporation's attorney from controlling access to the individual."). Again, we think Judge Reid got this one right: By all accounts, Gonzalez's interests *weren't* (at the time of his deposition) aligned with the City's, given that he "provided testimony suggesting that City Officials implemented policies aimed at targeting the Plaintiffs' businesses and properties." November 16 Order at 11. Judge Reid thus didn't abuse her discretion when she concluded that, by the time he gave his statement to Gutchess, Gonzalez could no longer impute liability to the City. By

5

the same token, Judge Reid didn't abuse her discretion when she determined that Gutchess had fully complied with the Florida Rules of Professional Conduct.

*Third*, Judge Reid acted well within her ample discretion when she elected not to impose discovery sanctions on Stearns Weaver. The City insists that Stearns Weaver failed to turn over a timely privilege log identifying Gonzalez's sworn statement and memoranda. The City also contends that Stearns Weaver deliberately concealed Gonzalez's statements in a purposeful effort to ambush the City at the deposition. *See* November 30 Objections at 16–17. In her order, Judge Reid found no significant violation of the discovery rules because the "Plaintiffs disclosed Gonzalez as a witness under Rule 26 and provided the memoranda to the City prior to the deposition." November 16 Order at 16. "A magistrate judge is vested with wide discretion in managing discovery disputes." *Pensacola Firefighters' Relief & Pension Fund Bd. of Dirs. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2010 WL 11519376, at *5 (N.D. Fla. June 28, 2010) (Rodgers, J.) (cleaned up). In managing this discovery dispute, Judge Reid determined that the Plaintiffs had complied with their discovery obligations by disclosing Gonzalez's statement *before* his deposition. We don't think she was clearly wrong to say so.

But here's the thing: Even if Judge Reid *had* found a violation of the discovery rules, she would've acted well within her discretion to decline to impose sanctions. *See Cent. Transp. Int'l, Inc. v. Glob. Advantage Distrib., Inc.*, 2007 WL 3124722, at *1 (M.D. Fla. Oct. 24, 2007) (Steele, J.) ("[T]he Magistrate Judge's decision not to impose sanctions was not clearly erroneous or contrary to the law" because "the imposition of sanctions were not mandatory"); *Swofford v. Eslinger,* 2009 WL 1025223, at *2 (M.D. Fla. Apr. 14, 2009) (Baker, Mag. J.) (finding sanctions unwarranted when discovery was produced late but before the discovery deadline); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 685 (N.D. Ill. 2009) ("Judges have vast discretion in supervising discovery and in declining to impose sanctions and exclude evidence" (cleaned up)). We therefore **OVERRULE** the City's November 30 Objections *in full*.

2. **The City's Objections ("April 19 Objections") [ECF No. 299] to the Magistrate Judge's Order on April 6, 2023 ("April 6 Order") [ECF No. 297] Vacating Confidentiality Designations**

On April 27, 2022, Judge Reid entered a Stipulated Confidentiality and Protective Order, protecting (a) confidential, proprietary, and/or commercially sensitive information, or trade secrets ("Confidential Information"); (b) Personally Identifiable Information ("PII"); and (c) sensitive non-public information involving law enforcement or the privacy interests of the parties or third parties ("Sensitive Information"). *See* Confidentiality Order [ECF No. 78] at 1. The Confidentiality Order allows the parties to designate the above categories of documents (and the information they contain) "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." *Id.* at 2. It separately provides that, if a producing party "believes in good faith that a document contains highly confidential information or information extremely sensitive in nature, the disclosure of which would cause the party or a third-party economic harm, potential competitive disadvantage, or substantial privacy harm, the party may designate a document 'CONFIDENTIAL – ATTORNEY EYES ONLY.'" *Ibid.* The Confidentiality Order also has a section on deposition material:

> Appropriate sections of depositions or hearing transcripts may be designated as confidential by any party by stating on the record their intention to designate the section of the deposition or transcript. Additionally, a section of a deposition may be designated as confidential within a reasonable period of time after the transcript of the deposition has been published. A party may challenge the objection of confidentiality by motion or other procedure directed by the Court. All persons shall treat as confidential the portion of the transcript containing an assertion of confidentiality unless and until a final ruling that the material is not subject to a confidentiality designation issues from which no further appeal may be taken.

*Id.* at 3.

At a hearing on December 9, 2022, the Plaintiffs told Judge Reid that they didn't oppose the City's decision to designate the whole of Commissioner Carollo's deposition transcript as "highly confidential . . . which means it can only be used in the case and only seen by attorneys in the case[.]" Dec. 9, 2022 Hr'g Tr. [ECF No. 279-1] at 40. But (the Plaintiffs added): "[I]f we have some issue with

that, then we can always bring that to your Honor's attention later." *Ibid.* That same day, Judge Reid entered a written order, noting: "[T]he Parties agree that the deposition falls within the type of discovery described in the Parties' Stipulated Confidentiality and Protective Order and its disclosure may be governed by that Order." [ECF No. 240] at 2. The Plaintiffs deposed City Attorney Victoria Mendez on December 12, 2022, and Commissioner Carollo on February 6, 2023. *See* April 6 Order [ECF No. 297] at 4. The City then designated both transcripts—in their entirety—as confidential. *Ibid.*

At a hearing on March 6, 2023, the Plaintiffs asked Judge Reid to remove the confidentiality designations from the deposition transcripts of City Attorney Mendez and Commissioner Carollo. *Id.* at 5. On April 6, 2023, having reviewed the transcripts of those depositions, Judge Reid agreed with the Plaintiffs' request and vacated the confidentiality designations. *Id.* at 14. Noting that the party making the designation bears the burden of showing "good cause," Judge Reid found that the City and Commissioner Carollo had failed to justify the designations: "When asked to identify confidential information within the transcripts," she explained, "the City and Commissioner Carollo have simply insisted that the entire transcripts must remain confidential because the Parties agreed the transcripts would remain so. In refusing to identify specific portions of the transcripts, the City and Commissioner Carollo fail to appreciate that it is *their* substantial burden to demonstrate good cause for a protective order under Rule 26." *Id.* at 7. Again, we agree with Judge Reid.

As Judge Reid accurately summarized, once a party "challenges the confidentiality" of a document, "the party making the designation then has the burden of justifying the designation by demonstrating 'good cause.'" *Sumner v. Biomet, Inc.*, 2010 WL 11519199, at *2 (M.D. Ga. July 22, 2010). "In order to demonstrate good cause under Rule 26(c)(1)(G), the party seeking protection must show that: (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure." *Smart Commc'n Holding,*

8

*Inc. v. Correct Sols., LLC*, 2022 WL 1081564, at *2 (M.D. Fla. Apr. 11, 2022) (Sneed, Mag. J.) (citing *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–15 (11th Cir. 2001)).

Applying this rule, Judge Reid determined that the City had *not* met its burden of showing good cause, because it "refus[ed] to identify specific portions of the transcripts" that should be designated as confidential. *See* April 6 Order at 7. Based on this finding, Judge Reid vacated the confidentiality designations she had earlier placed on the deposition transcripts of City Attorney Mendez and Commissioner Carollo. *Id.* at 14. While we agree with the City that Judge Reid didn't *have* to de-designate both transcripts, we cannot say that she committed clear error by doing so.

In this Circuit, courts routinely deny motions to seal *entire* deposition transcripts when the designating party hasn't identified specific portions of the depositions that should be kept confidential. *See, e.g.*, *BMO Harris Bank, N.A. v. Richard Funding, LLC*, 2018 WL 11348035, at *2 (M.D. Ga. Feb. 22, 2018) ("[W]hile the Court agrees that a party has an interest in keeping certain information confidential, the Court does not agree that entire transcripts should be sealed simply because there exists good cause to seal or redact certain portions of the transcript. The Court is not inclined to seal an entire deposition transcript unless the parties can show good cause for doing so."); *see also In re Zantac (Ranitidine) Prod. Liab. Litig.*, 2022 WL 17480932, at *2 (S.D. Fla. Dec. 6. 2022) (Rosenberg, J.) (finding no good cause to seal a deposition transcript in its entirety because, while parts of the transcript included confidential information, other parts did not).

And, in our sister circuits, courts similarly refuse to seal entire deposition transcripts when the designating party has made a blanket assertion of confidentiality. *See, e.g.*, *Brocade Commc'n Sys., Inc. v. A10 Networks, Inc.*, 2012 WL 70428, at *2 n.1 (N.D. Cal. Jan. 9, 2012) (finding that "it would be inappropriate to file the entire transcript under seal because much of the transcript does not contain personal, confidential or trade secret information"); *Edeh v. Equifax Info. Servs., LLC*, 2013 WL 2480676, at *3 (D. Minn. June 13, 2013) ("[T]he issue before the Court is whether the 17 deposition

9

transcripts, *in their entirety*, constitute confidential information within the scope of protection afforded by Rule 26(c). The conclusory assertion by defendant that deposition transcripts contain Equifax's sensitive trade secret information and personal information related to third party consumers, does not satisfy the requirements of the Protective Order, much less provide support for the blanket designation of the transcripts as confidential." (emphasis in original)).

As in these other cases, the City chose to designate the *whole* of both transcripts (rather than portions of those transcripts) as confidential, *see* April 19 Objections [ECF No. 299] at 5–6, so it bears the burden of showing that the *full* transcripts are, in fact, confidential, *see Sumner*, 2010 WL 11519199, at *2 ("After a party challenges the confidentiality of particular documents, the party making the designation then has the burden of justifying the designation by demonstrating 'good cause.'"). Having thoroughly reviewed the record in this case, we don't think the City has met this burden.

The City first cites *Chicago Tribune* for the well-established principle that the public has no common-law right of access to discovery materials. *See* April 19 Objections at 6 (citing *Chicago Tribune*, 263 F.3d at 1311). But *Chicago Tribune* also made clear that, when a "confidential designation" is "challenged," the designator "must establish good cause for continued protection under Rule 26." *Chicago Tribune*, 263 F.3d at 1313. Again, we're not saying that Judge Reid *had* to de-designate these deposition transcripts; we're simply saying that she didn't clear err in doing so. *Chicago Tribune* thus doesn't help the City here.

The City next argues that "the severity and likelihood of harm to the City, Ms. Mendez, and Commissioner Carollo are high." April 19 Objections at 9. But the City offers only a single sentence in support of this argument: "The City," it says, "already demonstrated to Magistrate Judge Reid that Plaintiffs were using discovery to litigate this case in the media and other ways, how the same evidence solicited and marked in Ms. Mendez's deposition was being used by media and unrelated parties in new litigation directed at her and her husband and how the wholesale dissemination of the deposition

10

transcripts of Ms. Mendez and Mr. Carollo at this stage of the litigation is prejudicial." *Id.* at 9–10. Whatever one thinks of the merits of these (mostly) unsubstantiated accusations, the City has still failed to demonstrate that *all* the information in these transcripts is confidential. Again, Judge Reid was willing to entertain a request to designate *parts* (perhaps even substantial parts) of these transcripts. *See* April 6 Order at 7. But the City has taken the extreme (and unreasonable) position that *every word* of these transcripts should be sealed—and they've not come close to meeting their burden of showing that this sort of blanket designation is at all necessary here. *See Sumner*, 2010 WL 11519199, at *2 (requiring the party seeking protection to show *both* that the harm caused by the disclosure outweighs the need of the party seeking disclosure *and* that "the information sought is a trade secret or other confidential information").

We therefore agree with Judge Reid that the City has failed to satisfy its burden here. And, while we acknowledge that Judge Reid *could* have gone a different way—and, for example, ordered the City to propose redactions to the transcript in a renewed motion—she didn't *have* to do that. Nothing in the Federal Rules requires the judge to save a party from the extreme positions its lawyers have chosen to take in litigation. Because the City didn't demonstrate that the transcripts *in their entirety* were confidential, Judge Reid didn't clearly err by unsealing them. "To be clearly erroneous, [Judge Reid's] decision must be dead wrong, and we do not believe it is." *Parts & Elec. Motors*, 866 F.2d at 233.

3. **The City's Objections ("April 19 Objections") [ECF No. 299] to the Magistrate Judge's Order on April 6, 2023 ("April 6 Order") [ECF No. 297] Denying Commissioner Carollo's Motion for Protective Order [ECF No. 279]**

On March 3, 2023, Commissioner Carollo filed a motion for a protective order, "requesting that the Court enter an Order providing that the Commissioner's deposition can only be used in this case." Motion for Protective Order [ECF No. 279] at 9. On April 6, 2023, in the same order in which she vacated the City's confidentiality designations, Judge Reid denied the Commissioner's motion for a protective order. *See* April 6 Order at 10.

Rule 26(c) of the Federal Rules of Civil Procedure allows a party to file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" But a district court may issue a protective order *only* if the party seeking protection shows "good cause." *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 335–36 (11th Cir. 2011). "The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Id.* at 336 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The district court must also balance the interests of the party requesting protection with the interests of the opposing party. *Ibid.*

Applying this standard, Judge Reid found that Commissioner Carollo had not met his burden: "Commissioner Carollo," she wrote, "makes broad allegations of harm to his reputation but presents no evidence or specific examples showing how disclosure of the depositions would unfairly burden him. The Commissioner simply presents conclusory statements that the deposition transcripts will be used in the *Fuller v. Carollo* lawsuit and shared with nonparties such as the media and State Attorney." April 6 Order at 11–12. In their Objections, the City and Commissioner Carollo claim that, "[c]ontrary to Magistrate Judge Reid's analysis, the burden was on Plaintiffs, not the City, to establish a compelling or immediate need." April 19 Objections [ECF No. 299] at 12. "In any event," they add, "the City showed that the harm caused by the disclosure of the deposition testimony outweighed the need of Plaintiffs at this stage in the proceedings." *Ibid.*

As an initial matter, the City is just wrong to suggest that the Plaintiffs bore the burden here. Judge Reid was tasked with adjudicating the merits of *Commissioner Carollo's* request for a protective order—and so (the law is clear) *Commissioner Carollo* (as the movant) bore the burden of establishing the need for that protection. *See, e.g., Ekokotu*, 408 F. App'x at 336 ("The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular

12

and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" (quoting *Garrett*, 571 F.2d at 1326 n.3)); *see also Est. of Manship v. United States*, 240 F.R.D. 700, 702 (N.D. Ga. 2006) (finding that the movant party did not meet its "burden of showing good cause" because it "[did] not provide any facts, much less specific facts, to support its motion" for a protective order).

On the merits, Judge Reid's decision on this non-dispositive issue is precisely the kind of pretrial ruling by a magistrate judge that should be afforded broad discretion. As we've said, we review a magistrate judge's non-dispositive orders under the "clearly erroneous" or "contrary to law" standard. And, "even to the extent the 'contrary to law' standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused." *Bell v. Chambliss*, 2015 WL 5997053, at *1 n.4 (M.D. Fla. Oct. 14, 2015) (Howard, J.).

Judge Reid didn't come close to abusing her discretion when she denied Commissioner Carollo's motion for a protective order. On the contrary, we agree with her that the Commissioner's arguments in support of a protective order are speculative and conclusory. For example, in the section titled "Plaintiffs' counsel's threatening voicemail to a potential witness," the Commissioner says:

> Beyond Plaintiffs' counsel's use of the State Attorney as a sword and their improper effort to solicit from the doctor private HIPAA information of non-party witness, Commissioner Carollo, days before the Commissioner's deposition, Plaintiffs' counsel's actions appear to be a coordinated effort to intimidate potential witnesses including the Commissioner. Plaintiffs' counsel's unethical action to discover details of health issues which necessitated rescheduling the Commissioner's deposition, appears to be done for some nefarious purpose. Then, in an effort to intimidate the Commissioner at his deposition, Plaintiffs asked him questions about the doctor as well . . . . Plaintiffs seek to un-designate the deposition so that they can now hand it to the State Attorney and the media and use it in other matters including *Fuller v. Carollo*, *reneging on their very representation to the contrary.*

Motion for Protective Order at 5 (emphasis in original).

As this passage makes plain, Commissioner Carollo's accusations are unsupported and conclusory. Simply saying that something is "unethical" or "nefarious," or that something was done

13

"in an effort to intimidate," doesn't make it so. And "[g]eneralized concerns, conclusory statements, or unsupported contentions are insufficient reasons for entry of a protective order." *Wyndham Hotels and Resorts, LLC v. Leisure Getaways, Inc.*, 2017 WL 10059023, at *3 (M.D. Fla. Oct. 25, 2017) (Kelly, Mag. J.). The Commissioner's arguments are also rife with speculation ("Plaintiffs' counsel's actions *appear to be* a coordinated effort to intimidate . . . ."). Motion for Protective Order at 5 (emphasis added). And the Motion provides no evidence for its assertion that the Plaintiffs want to de-designate the deposition so that they can "hand it to the State Attorney and the media." *Ibid.* These statements don't, in short, resemble "particular and specific demonstrations of fact." *Ekokotu*, 408 F. App'x at 336; *see also Est. of Manship*, 240 F.R.D. at 702 (finding that the movant didn't meet its "burden of showing good cause" because it "[did] not provide any facts, much less specific facts, to support its motion" for a protective order). Given her reasonable determination that the Motion wasn't sufficiently particular and specific, Judge Reid didn't abuse her discretion in declining to enter a protective order.

4. **The City's Objections ("June 16 Objections") [ECF No. 317] to the Magistrate Judge's Order on June 2, 2023 ("June 2 Order") [ECF No. 314] Denying the Defendant's Motion to Redact and Maintain Under Seal Limited Portions of the March 6, 2023 Hearing Transcript (the "Motion to Redact") [ECF No. 298]**

This final series of Objections involves Judge Reid's line-by-line redactions of her own hearing transcript [ECF No. 291] from March 6, 2023. The City objects to Judge Reid's decision to redact from that transcript certain references to the Plaintiffs' financial information, including direct quotations from the Plaintiffs' 30(b)(6) deposition of corporate representative Ben Bush, which took place in December 2022—and which (crucially) the Plaintiffs have *not* designated as confidential. *See* June 16 Objections [ECF No. 317] at 7–8. The City also objects to Judge Reid's denial of the City's request to redact portions of the hearing transcript that reflected discussions about the depositions of

14

Commissioner Carollo and City Attorney Mendez. *Id.* at 5–7. We overrule the *second* part of this objection in full. The first portion, though, we overrule only *in part*.

We'll start with that first objection. In her June 2 Order [ECF No. 314], Judge Reid directed the court reporter to redact from the transcript of the March 6 hearing certain discussions about the Plaintiffs' taxes, payroll, and proprietary financial information, including information about loans the Plaintiffs had obtained through the Paycheck Protection Program ("PPP"). *Id.* at 3–6. In support of its Objections to these redactions, the City offers two arguments. *First*, the City says that the "Plaintiffs failed to timely seek redaction of the March 6, 2023 hearing transcript." June 16 Objections at 7. *Second*, the City contends that, even if the Plaintiffs' proposed redactions had been timely, they were still "overly broad." *Ibid.* As to the first argument, we agree with the Plaintiffs (*see* Plaintiffs' Response in Opposition to Objections [ECF No. 322] at 9) that the timeliness of *their* proposed redactions is irrelevant: Judge Reid made the redactions based on *her own* independent review of the hearing transcript, and the City's objection is to *her* redactions—not the Plaintiffs' (proposed) redactions.

As to the second argument, the City claims that the redactions are overbroad because they include (within discussions about confidential financial information) a few references to the *total amount* of money the Plaintiffs received through their PPP loans—a figure that (apparently) can be uncovered online by the intrepid aggregation of *different* loan amounts. *See* June 16 Objections at 8; *see also* Plaintiffs' Response in Opposition to Objections at 11 ("So while it is true that the public can and is welcome to access aggregate information about Plaintiffs' PPP loans . . . the publicness of that information does nothing to undermine the confidentiality of Plaintiffs' self-evidently proprietary financial and payroll data subject of the hearing [sic]—the actual content that Judge Reid ordered be redacted."). As we've said, "[a] magistrate judge's resolution of discovery disputes deserves substantial deference." *United States v. Orlansky*, 2006 WL 8434738, at *1 (S.D. Fla. Feb. 7, 2006) (Jordan, J.). And the "discretion to rule on discovery disputes denotes the absence of a hard and fast rule . . . . Indeed,

15

on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion." *Runton v. Brookdale Senior Living, Inc.*, 2018 WL 1083493, at *7 (S.D. Fla. Feb. 27, 2018) (Goodman, Mag. J.) (cleaned up).

Having reviewed the hearing transcripts, the City's Objections, and the Plaintiffs' response, we find no abuse of discretion in Judge Reid's redaction of references to the Plaintiffs' PPP loans. A magistrate judge, "having fully managed the pre-trial aspect of [the] case and otherwise being fully informed with the conduct of the parties and non-parties in the discovery process, is in the best position" to resolve discovery disputes stemming from a confidentiality order she herself entered. *Crable v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1325831, at *4 (M.D. Fla. Apr. 17, 2012) (Dalton, J.). And that's especially true where (as here) the dispute centers around redactions a magistrate judge makes in deference to *her own* confidentiality order *and* to portions of *her own* hearing transcript.

Nor (on plenary review) would we have handled this issue differently. While the Plaintiffs concede that one *could* (if one were sufficiently motivated to do so) aggregate multiple publicly-available numerical figures to come up with the total amount of the Plaintiffs' PPP loans, that theoretical possibility doesn't change the fact that the redacted portions of the hearing transcript (which include the total figures in one easily-accessible place) *are* confidential within the meaning of the Confidentiality Order. *See* Confidentiality Order at 2 ("If a producing party believes in good faith that a document contains highly confidential information or information extremely sensitive in nature, the disclosure of which would cause the party or a third-party economic harm, potential competitive disadvantage, or substantial privacy harm, the party may designate a document 'CONFIDENTIAL – ATTORNEY EYES ONLY.'"). Judge Reid thus acted well within her ample discretion in ordering the redactions the City complains of here.

The City also argues that the redactions are overbroad because one of the depositions "referenced" at the March 6, 2023 hearing was not *itself* designated as confidential. *See* June 16

Objections at 8. We agree with the City that *direct quotations* from Mr. Bush's deposition—which the Plaintiffs *haven't* designated as confidential—should *not* have been redacted. We therefore **ORDER** the relevant court reporter to remove from the March 6, 2023 Hearing Transcript [ECF No. 291] the redactions that can be found at 46:3–25, 47:13–49:11, 60:14–62:6. We also **ORDER** the court reporter to remove the redaction at 77:20–78:9, because that redacted excerpt is just a quote from the November 14, 2022 Hearing Transcript [ECF No. 219], which is publicly available on the Court's docket.

Outside of these direct quotations, though, Judge Reid properly exercised her discretion in making appropriate redactions to the hearing transcript. In other words, Judge Reid acted well within her discretion when she redacted references to—or commentary about—Mr. Bush's deposition, since those references included descriptions of the Plaintiffs' confidential financial information. *See* June 2 Order at 4 ("The March 6 hearing transcript contains a substantial amount of information regarding Plaintiffs' financials including monetary amounts, names, and dates . . . . After reviewing the Parties' submissions, the Court agrees that Plaintiffs' proposed redactions are adequate and will ensure that Plaintiffs' financial information remains confidential."). In any event, recall (again) that, to be clearly erroneous, a magistrate's decision "must strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Cox Enters., Inc.*, 794 F.3d at 1272 n.92 (quoting *Parts & Elec. Motors*, 866 F.2d at 233). And Judge Reid's redactions, even if slightly overbroad, just aren't nearly *that* wrong.

Finally, Judge Reid denied the City's request to redact portions of the hearing transcript that included references to the depositions of Commissioner Carollo and City Attorney Mendez. *See* June 2 Order at 6. The City objects to this decision because (in its view) these depositions should be treated as confidential. *See* June 16 Objections at 5–6. But we've already agreed with Judge Reid that these two deposition transcripts should be de-designated *in their entirety*. Because these depositions thus aren't confidential—and since the City hasn't shown that *references* to the depositions are confidential

in some other way,[3] *see* June 16 Objections at 6—it follows that any references to them in a hearing transcript aren't confidential either.

\* \* \*

After careful review, then, we hereby **ORDER AND ADJUDGE** as follows:

1. We **OVERRULE** the City's Objections [ECF No. 227] to Judge Reid's Order [ECF No. 211] denying the City's Amended Motion for Sanctions [ECF No. 168].

2. We **OVERRULE** the City's Objections [ECF No. 299] to Judge Reid's Order [ECF No. 297] vacating the confidentiality designations on the deposition transcripts of City Attorney Victoria Mendez and Commissioner Joe Carollo.

3. We **OVERRULE** the City's Objections [ECF No. 299] to Judge Reid's Order [ECF No. 297] denying Commissioner Carollo's Motion for a Protective Order [ECF No. 279].

4. We **OVERRULE in part** the City's Objections [ECF No. 317] to Judge Reid's Order [ECF No. 314] denying the Defendant's Motion to Redact and Maintain Under Seal Limited Portions of the March 6, 2023 Hearing Transcript [ECF No. 298]. The City's Objections are **SUSTAINED in part** only with respect to the redactions at 46:3–25, 47:13–49:11, 60:14–62:6, and 77:20–78:9 of the March 6, 2023 Hearing Transcript [ECF No. 291]. These specific redactions (and *only* these) shall be **REMOVED**.

---

[3] The City contends that the depositions of Commissioner Carollo and City Attorney Mendez should be redacted because "[d]isclosures of the redacted portions of the transcript pertaining to the two depositions . . . will inevitably lead to the continued media spectacle that surrounded the Carollo trial and likely will taint a future jury pool and prevent the City of Miami from receiving a fair trial." June 16 Objections at 6. We don't think most future (potential) jurors are perusing these deposition transcripts in their spare time. But, to the extent some of them (whoever they might one day be) *are* enthralled by the sworn testimony in this case, we'll have ample opportunity to address any (legitimate) concerns about their impartiality during *voir dire*.

**DONE AND ORDERED** in the Southern District of Florida on July 17, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record