UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 21-CV-23485-ALTMAN/REID

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND
LA GRAN FIESTA, LLC,

    Plaintiffs,

vs.

CITY OF MIAMI,

    Defendant.
_____/

**DEFENDANT CITY OF MIAMI'S REPLY BRIEF IN SUPPORT OF ITS
LIMITED RULE 72 OBJECTIONS TO MAGISTRATE JUDGE REID'S
OMNIBUS ORDER FOLLOWING DISCOVERY HEARING AND ADOPTING
SPECIAL MASTER'S REPORT AND RECOMMENDATION**

    The City of Miami submits this Reply to correct certain statements in Plaintiffs' Response to the City's Rule 72 Objections [ECF 362] ("Pls. Resp.").

    *First*, Plaintiffs say that the City has never served an RFP seeking the information now requested by the City.[1] *See* Pls. Resp. at 7 ("The City then expanded its request for unredacted payroll information in the form of individual W-2s and other unredacted payroll information, though none of that newly-requested information was part of any City RFP."). This is false.

    The City's very first RFPs (served February 2022) requested the production of "payroll records, employee rosters, bank account records," and "any supporting documentation" Plaintiffs

---

[1] The City requests the Court to order the production of three categories of information: (1) family employment records showing names, specific dates of employment, weekly hours, FTEE classification) salary or wage structure and job descriptions (including specific duties); (2) all unredacted payroll records including Forms W-2, Forms 1099, and other monthly payroll summaries detailing employee names, hours worked, rates and amounts paid for period from January 1, 2018 through present; and (3) unredacted copies of all payroll checks issued to employees outside of ADP.  *See* Limited Objections [ECF No. 353] at 6, 20.

submitted to obtain their PPPs loans.[2] *See* Ex. 3 [ECF No. 353-3] at RFP 12; RFP 8 (requesting documents reflecting employee hire and termination dates) and RFP 9 (requesting tax documents, including W-2s). The City then renewed its request for this information after receiving Plaintiffs' damages expert report and new discovery that made clear the relevance of Plaintiffs' unredacted payroll records and PPP materials. *See* Limited Objections at 3-4. In November 2022, after Plaintiffs once again refused to provide the relevant information, the City served additional RFPs so there would be no confusion as to precisely what documents the City was seeking. Plaintiffs objected (again). *See* Ex. [23], Request for Production Nos. 20-25.

*Second*, Plaintiffs also say that the City failed to seek this information through any other discovery device (setting aside the document requests Plaintiffs ignore and the 30(b)(6) depositions that Plaintiffs invited and Judge Reid endorsed). For example, Plaintiffs claim "[t]he City never propounded interrogatories, or any other type of discovery, seeking the information now being sought in this new payroll request." Pls. Resp. at 11. This is not true. The City requested relevant employee information—such as positions and dates of employment—in its first set of interrogatories. Plaintiffs objected. [ECF No. 83-8, Interrogatory 6.] The City also served Requests for Admission asking Plaintiffs to admit they:

- paid each and every employee listed in Plaintiffs' Rule 26 disclosures;
- paid every employee listed on PPP loan applications with PPP loan funds; and
- used money obtained from PPP loans and EIDL loans for repairs or renovations to the properties located at 1513 SW 8th St. and 521 SW 8 Street.

*See* Ex. [24], Request for Admissions Nos. 26-39. Plaintiffs deny that every employee listed in their PPP loan applications were paid with the funds obtained ostensibly for that reason. But Plaintiffs refused to answer whether they used those funds for repairs or renovations to their properties. *See id*. at Nos. 31-39 ("[A]s to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request."). Plaintiffs cannot stonewall all avenues of discovery and then falsely claim that the City somehow failed to ask for it.

*Third*, Plaintiffs argue that the City should have just contacted Plaintiffs' current and former employees to ask for the information the City seeks. *See* Pls. Resp. at 8 and n.5 (arguing

---

[2] An identical request was served on each of the four Plaintiffs.

the City "failed to contact any other employees" and "never attempted to contact or obtain discovery" from Plaintiffs' employed-family members). But Plaintiffs do not tell the Court they previously said "all current employees of Plaintiffs and their entities have been, and remain, represented by Stearns Weaver Miller, P.A., and [the City is] not permitted to communicate directly with any of them." Ex. [25], Sept. 29, 2023 M. Fehretdinov Ltr. Plaintiffs also omit that when the City contacted some of their former employees as part of its normal witness investigation and preparation, Plaintiffs demanded that that City "immediately cease and desist" its "unethical" investigation (*id*.) and then argued to Judge Smith (who has nothing to do with the case in which the City *is* a defendant) that the City's "dragnet sham investigation" should be enjoined. *See* Ex. [26], Plaintiffs' Notice of Currently Ongoing Political Retaliation in Further Support of Motion for Temporary Injunction, filed in *Fuller et al. v. Carollo*, No. 1:18-cv-24190 [ECF No. 597].

Plaintiffs now seem to suggest that the City should have deposed each of the six family members that received payroll payments during the pandemic to determine their title, dates of employment, the hours they worked, the specific work they performed for each of the Plaintiffs, and the basis for their compensation. But Plaintiffs fail to explain how that discovery is "less invasive" or burdensome than for Plaintiffs to simply produce the requested documents without redaction and actually prepare their designated representatives to provide the testimony that Plaintiffs promised.[3]

*Fourth*, Plaintiffs misrepresent the testimony of the City's damages expert, arguing that Ms. Fiske "admitted" that she does not actually need the requested information. *See* Pls. Resp. at 9-10. This is not true either. Ms. Fiske testified that she needs complete payroll records (not just W-2s) "because payroll records includes a lot more detail" such as "hourly rates [and] hours worked." *Id*. at 307:15-19; *see also* 308:18 – 309:2 (reiterating the need for payroll records); Ex. 2 [353-2] at ¶¶ 13-14 (detailing need for unredacted payroll records).

Plaintiffs are also wrong in claiming Ms. Fiske "admitted" "the only relevant inquiry for the lost profit analysis was whether the services were performed." Pls. Resp. at 9. While Mr. Koslowe *argued* this at her deposition (*see e.g.,* Ex. D at 306:4-5), counsel's argument is not evidence. The actual evidence before the Court (Ms. Fiske's testimony) shows that Ms. Fiske repeatedly told counsel that she needed more information for her analysis. *See, e.g.*, 307:5-13 ("I

---

[3] The City welcomes the opportunity to depose each of the family members.

would like to see the list of duties -- the rate, how much they got paid, how much they were working and to determine if it is appropriate to have been paid."); 309:9-17 ("I would like to see which employees were replaced by family members and did they do – did they perform services to earn a paycheck and how much was that paycheck."); 313:25 – 314:8 ("I would like to know what they did and like to hear their duties to see if it was something that they should be paid and how much were they paid."); *see also* Ex. 2 [353-2] at ¶ 20 (listing records required to evaluate Plaintiffs' claimed damages).

Next, Plaintiffs say that Ms. Fiske "admitted she did not see an increase in payroll during the PPP period," and this somehow contradicts her November 2022 Declaration. Pls. Resp. at 10. But this is not accurate either. Ms. Fiske explained that there would be no "bump up" in payroll if Plaintiffs were releasing employees during the pandemic while adding family members to the payroll. *Id*. at 320:5-15. Plaintiffs have never denied that they released employees during the pandemic and later paid their principals and family members as employees. And if those individuals were not properly paid, they should not be included in Plaintiffs' alleged lost profits. *Id*. at 310:2-16 (testifying the addition of new employees that should not have been paid overstates Plaintiffs' alleged lost profits); 311:12-21 and 330:17-332:1 (same).

Dated: February 19, 2024                    Respectfully submitted,

                                            BUCHANAN INGERSOLL & ROONEY PC

                                            By: */s/ Raquel A. Rodriguez*
                                            Raquel A. Rodriguez (Florida Bar No.511439)
                                            Miranda L. Soto (Florida Bar No. 637963)
                                            Daniel R. Lazaro (Florida Bar No. 99021)
                                            Michael E. Dutko, Jr., Esq. (Florida Bar No. 72505)
                                            Jesse Stolow (Florida Bar No. 1035214)
                                            2 South Biscayne Boulevard, Suite 1500
                                            Miami, FL 33131
                                            Primary Emails:    raquel.rodriguez@bipc.com
                                                               miranda.soto@bipc.com
                                                               dan.lazaro@bipc.com
                                                               michael.dutko@bipc.com
                                                               jesse.stolow@bipc.com
                                            Secondary Emails: soraya.hamilton@bipc.com
                                                               mercedes.campos@bipc.com
                                                               patricia.delgado@bipc.com

        Gretchen L. Jankowski (PA Bar No. 74540)
        Mackenzie A. Baird (PA Bar No. 205687)
        Union Trust Building
        501 Grant Street, Suite 200
        Pittsburgh, PA 15219-4413
        Primary Email:   gretchen.jankowski@bipc.com
                          mackenzie.baird@bipc.com

        *Admitted Pro Hac Vice*

        -and-

        ATTORNEYS FOR THE CITY OF MIAMI

        Victoria Méndez, City Attorney
        (Florida Bar No.194931)
        Kevin R. Jones, Asst. City Attorney
        (Florida Bar No. 119067)
        ATTORNEYS FOR THE CITY OF MIAMI
        444 S.W. 2nd Avenue, Suite 945
        Miami, FL 33130
        Primary Emails:   vmendez@miamigov.com
                           krjones@miamigov.com
        Secondary Emails: tmickens@miami.gov

        ***Attorneys for Defendant City of Miami***

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2024, I electronically filed under seal the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified via email.

        By: */s/ Raquel A. Rodriguez*

        BUCHANAN INGERSOLL & ROONEY PC

## **SERVICE LIST**

**STEARNS WEAVER MILLER**
**WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
MARIA A. FEHRETDINOV
mfehretdinov@stearnsweaver.com
JASON S. KOSLOWE
jkoslowe@stearnsweaver.com
MATTHEW C. DATES
mdates@stearnsweaver.com
CHELSEA E. KOFF
ckoff@stearnsweaver.com
CORAL DEL MAR LOPEZ
clopez@stearnsweaver.com
RYAN T. THORNTON
rthornton@stearnsweaver.com
*Counsel for Plaintiffs*