# EXHIBIT 23

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT
OF FLORIDA MIAMI DIVISION
CASE NO.: 21-CV-23485

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND LA
GRAN FIESTA, LLC,

        Plaintiff(s),

vs.

THE CITY OF MIAMI,

        Defendant(s).

_____/

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF MIAMI'S SEVENTH REQUEST FOR PRODUCTION

Plaintiffs The Mad Room LLC d/b/a Ball and Chain, Altos Mexicano, LLC d/b/a Taquerias El Mexicano, Little Havana Arts Building LLC, and La Gran Fiesta, LLC ("Plaintiffs") pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby serve their responses to Defendant City of Miami's ("Defendant" or the "City") Seventh Request for Production dated November 27, 2022, and states as follows:

### GENERAL OBJECTIONS AND STATEMENTS

The following General Objections are incorporated by reference in each of the Plaintiffs' Responses to the specific requests as if fully set forth therein. Each of the Plaintiffs' Responses will further expand as to the applicability of each of these General Objections to the City's specific requests.

1.    Plaintiffs object to Defendant's Requests to the extent they seek information or documents which are subject to the attorney-client privilege, the attorney work product doctrine,

as applied to Plaintiffs' general and current operations. The Request also seeks information protected by *inter alia* an attorney-client privilege, the attorney work-product doctrine, and/or a common interest privilege.

18. All Documents between You and Matthew Sarelson referring or relating to any allegation in this Action.

**RESPONSE:** Plaintiffs object to this Request as vague, overly broad, unduly burdensome, irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Critically, the words "You," and "Your" are vague, inarticulate, and confusing, especially as applied to Plaintiffs' general and current operations. The Request also seeks information protected by *inter alia* an attorney-client privilege, the attorney work-product doctrine, and/or a common interest privilege.

19. All Documents between You and Steven Miro referring or relating to any allegation in this Action.

**RESPONSE:** Plaintiffs object to this Request as vague, overly broad, unduly burdensome, irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Critically, the words "You," and "Your" are vague, inarticulate, and confusing, especially as applied to Plaintiffs' general and current operations. The Request also seeks information protected by *inter alia* an attorney-client privilege, the attorney work-product doctrine, and/or a common interest privilege.

20. For the years 2014, 2015, 2016, 2017, 2018, 2019, 2020 and 2021, all state and federal tax returns, quarterly tax returns, Form-1099 Misc, Form 940, Form 941, Form 1065, Form 2553, schedules, W-2 forms, and any tax documents or reports filed with the Internal Revenue Service on Your behalf, to the extent not already produced.

**RESPONSE:** Plaintiffs specifically incorporate all General Objections in this Response. Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Plaintiffs object because have no obligation to, and will not produce any documents in the possession, control, and custody of any other individual or entity other than Plaintiffs. Plaintiffs object because the Request seeks the disclosure of information that is proprietary, invasive of the privacy of Plaintiffs, their employees and/or customers and related third parties, or that is otherwise confidential. Plaintiffs objects inasmuch as the Request seeks documents already produced, and responding to such Request is unduly burdensome, harassing, and disproportionate to the needs of the case.

21. For the years 2014, 2015, 2016, 2017, 2018, 2019, 2020 and 2021, copies of all bank account records, including but not limited to any loan applications, credit applications, financial statements, financial ledgers, balance statements, bank statements, checking, savings, operating and investment account statements, wire transfers, wire transfer advices, withdrawal and debit transactions, debit and credit card statements, and internal transfers tickets for all accounts held or owned by any Plaintiff, to the extent not already produced.

**RESPONSE:** Plaintiffs specifically incorporate all General Objections in this Response. Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Plaintiffs object because have no obligation to, and will not produce any documents in the possession, control, and custody of any other individual or entity other than Plaintiffs. Plaintiffs object because the Request seeks the disclosure of information that is proprietary, invasive of the privacy of Plaintiffs, their employees and/or customers and related third parties, or that is otherwise confidential. Plaintiffs objects inasmuch as the Request seeks documents already produced, and responding to such Request is unduly burdensome, harassing, and disproportionate to the needs of the case.

22. Any Documents evidencing Your layoffs or terminations of employees listed in Your Rule 26 disclosures, including compensation related to those employees from 2018 through 2021.

**RESPONSE:** Plaintiffs specifically incorporate all General Objections in this Response. Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Plaintiffs have no obligation to, and will not produce any documents in the possession, control, and custody of any other individual or entity other than Plaintiffs. Plaintiffs object because the Request seeks the disclosure of information that is proprietary, invasive of the privacy of Plaintiffs, their employees and/or customers and related third parties, or that is otherwise confidential. Without waiving the foregoing general and specific objections, Plaintiffs will produce responsive, non-privileged documents and communications, presently known to Plaintiffs and within their possession, custody or control, which specifically relate to the Plan.

23. Any Documents evidencing Your rehiring of employees listed in Your Rule 26 disclosures following cessation of COVID-19 restrictions, including compensation related to those employees.

**RESPONSE:** Plaintiffs specifically incorporate all General Objections in this Response. Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Plaintiffs have no obligation to, and will not produce any documents in the possession, control, and custody of any other individual or entity other than Plaintiffs. Plaintiffs object because the Request seeks the disclosure of information that is proprietary, invasive of the privacy of Plaintiffs, their employees and/or customers and related third parties, or that is otherwise confidential. Without waiving the foregoing general and specific objections, Plaintiffs will produce responsive, non-privileged documents and communications, presently known to Plaintiffs and within their possession, custody or control, which specifically relate to the Plan.

24. All Documents submitted to any lender documenting Your rehiring of any employees listed in Your Rule 26 disclosures in seeking loan forgiveness.

**RESPONSE:** Plaintiffs specifically incorporate all General Objections in this Response. Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Plaintiffs have no obligation to, and will not produce any documents in the possession, control, and custody of any other individual or entity other than Plaintiffs. Plaintiffs object because the Request seeks the disclosure of information that is proprietary, invasive of the privacy of Plaintiffs, their employees and/or customers and related third parties, or that is otherwise confidential. Without waiving the foregoing general and specific objections, Plaintiffs will produce responsive, non-privileged documents and communications, presently known to Plaintiffs and within their possession, custody or control, which specifically relate to the Plan.

25. All Documents referring or relating to Your damage claims with respect to your alleged inability to obtain loan forgiveness for any Paycheck Protection Program ("PPP") Loan or Economic Injury Disaster Loan ("EIDL").

**RESPONSE:** Plaintiffs specifically incorporate all General Objections in this Response. Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Plaintiffs have no obligation to, and will not produce any

documents in the possession, control, and custody of any other individual or entity other than Plaintiffs. Plaintiffs object because the Request seeks the disclosure of information that is proprietary, invasive of the privacy of Plaintiffs, their employees and/or customers and related third parties, or that is otherwise confidential. Without waiving the foregoing general and specific objections, Plaintiffs will produce responsive, non-privileged documents and communications, presently known to Plaintiffs and within their possession, custody or control, which specifically relate to the Plan.

26. Any Documents used, relied upon or otherwise consulted by You in responding to the Defendant City of Miami's Third Set of Interrogatories to Plaintiffs or Third Request for Admissions to Plaintiffs.

**RESPONSE:** Plaintiffs incorporate all objections and responses to any prior request from the City related to this plainly duplicative and harassing and therefore independently objectionable request.

Dated: December 27, 2022

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
By: */s/ Maria A. Fehretdinov*
    MARIA A. FEHRETDINOV
    Florida Bar No. 52084
    mfehretdinov@stearnsweaver.com
    JASON S. KOSLOWE
    Florida Bar No. 122758
    jkoslowe@stearnsweaver.com
    MATTHEW C. DATES
    Florida Bar No. 90904
    mdates@stearnsweaver.com
    CHELSEA E. KOFF
    Florida Bar No. 100557
    ckoff@stearnsweaver.com
    CORAL DEL MAR LOPEZ
    Florida Bar No. 1022387
    clopez@stearnsweaver.com
    RYAN T. THORNTON
    Florida Bar No. 99195