# EXHIBIT 24

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:21-cv-23485-RKA**

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND
LA GRAN FIESTA, LLC

    *Plaintiffs*,

v.

THE CITY OF MIAMI,

    *Defendant*.

_____/

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT
CITY OF MIAMI'S THIRD REQUEST FOR ADMISSIONS**

Plaintiffs The Mad Room LLC d/b/a Ball and Chain, Altos Mexicano, LLC d/b/a Taquerias El Mexicano, Little Havana Arts Building, LLC and La Gran Fiesta LLC's ("Plaintiffs") pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby serve their responses and objections ("Responses") to Defendant City of Miami's ("Defendant" or the "City") Third Request for Admissions propounded on or around November 27, 2022, as follows:

**GENERAL OBJECTIONS AND STATEMENTS**

The following General Objections are incorporated by reference in each of Plaintiffs' Responses to the specific requests as if fully set forth therein. Each of the Plaintiffs' Responses will further expand as to the applicability of each of these General Objections to the City's specific requests.

to the needs of the case. Critically, the words "You," and "Your" are vague, inarticulate, and confusing, especially as applied to Plaintiffs' general and current operations. The Request also seeks information protected by *inter alia* an attorney-client privilege, the attorney work-product doctrine, and/or a common interest privilege. For the foregoing reasons, Plaintiffs need not admit or deny the Request. Subject to and without waiving said Specific and General Objections, Plaintiffs only admit having conversations with Mr. Sarelson, attorney to former City of Miami employee Steve Miro, through their own attorneys of record, substantiating Plaintiffs' claims in this lawsuit post-commencement of this Litigation. Otherwise, denied.

26. Admit that You paid each and every employee listed in Your Rule 26 disclosures.

    **RESPONSE:** Plaintiffs object to this Request as vague, overly broad, unduly burdensome, irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Critically, the words "You" and "employee" are vague, inarticulate, and confusing, especially as applied to Plaintiffs' general and current operations. Subject to and without waiving said Specific and General Objections, Plaintiffs only admit to have included in their Rule 26 disclosures former and current employees of the Plaintiff entities, some of which were paid according to their respective employment scope and duration. Otherwise, denied.

27. Admit that Mad Room paid every employee listed on Paycheck Protection Program ("PPP") Loan applications with PPP loan funds.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds and payment of employees during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards. Otherwise, denied.

28. Admit that LHAB paid every employee listed on Paycheck Protection Program ("PPP") Loan applications with PPP loan funds.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds and payment of employees during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards. Otherwise, denied.

29. Admit that Taquerias paid every employee listed on Paycheck Protection Program ("PPP") Loan applications with PPP loan funds.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver

to the Specific and General Objections, as to all COVID-19 pandemic relief funds and payment of employees during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards. Otherwise, denied.

30. Admit that La Gran Fiesta paid every employee listed on Paycheck Protection Program ("PPP") Loan applications with PPP loan funds.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds and payment of employees during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards. Otherwise, denied.

31. Admit that Mad Room used money obtained from Paycheck Protection Program ("PPP") Loans for repairs or renovations to the property located at 1513 SW 8th St., Miami, FL, 33135.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

32. Admit that Mad Room used money obtained from Paycheck Protection Program ("PPP") Loans for repairs or renovations to the property located at 1513 SW 8th St., Miami, FL, 33135.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

33. Admit that Mad Room used money obtained from Economic Injury Disaster Loans ("EIDL") for repairs or renovations to the property located at 1513 SW 8th St., Miami, FL, 33135.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards., and otherwise, need not and therefore do not admit or deny the Request.

34. Admit that LHAB used money obtained from Paycheck Protection Program ("PPP") Loans for repairs or renovations to the property located at 1513 SW 8th St., Miami, FL, 33135.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

35. Admit that LHAB used money obtained from Economic Injury Disaster Loans ("EIDL") for repairs or renovations to the property located at 1513 SW 8th St., Miami, FL, 33135.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

36. Admit that Taquerias used money obtained from Paycheck Protection Program ("PPP") Loans for repairs or renovations to the property located at 521 SW 8 Street, Miami, Florida 33130.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

37. Admit that Taquerias used money obtained from Economic Injury Disaster Loans ("EIDL") for repairs or renovations to the property located at 521 SW 8 Street, Miami, Florida 33130.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

38. Admit that La Gran Fiesta used money obtained from Paycheck Protection Program ("PPP") Loans for repairs or renovations to the property located at 521 SW 8 Street, Miami, Florida 33130.

**RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

39. Admit that La Gran Fiesta used money obtained from Economic Injury Disaster Loans ("EIDL") for repairs or renovations to the property located at 521 SW 8 Street, Miami, Florida 33130.

    **RESPONSE:** Plaintiffs object to this Request as overbroad, harassing, vague, unduly burdensome, in that it seeks information which is irrelevant to Plaintiffs' claims or the City's defenses and not proportional to the needs of the case. Subject and without waiver to the Specific and General Objections, as to all COVID-19 pandemic relief funds during the relevant timeframe, Plaintiffs followed all requisite laws, regulations and applicable standards, and otherwise, need not and therefore do not admit or deny the Request.

Dated: December 27, 2022

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
By: */s/ Maria A. Fehretdinov*
    MARIA A. FEHRETDINOV
    Florida Bar No. 52084
    mfehretdinov@stearnsweaver.com
    JASON S. KOSLOWE
    Florida Bar No. 122758
    jkoslowe@stearnsweaver.com
    MATTHEW C. DATES
    Florida Bar No. 90904
    mdates@stearnsweaver.com
    CHELSEA E. KOFF
    Florida Bar No. 100557
    ckoff@stearnsweaver.com
    CORAL DEL MAR LOPEZ
    Florida Bar No. 1022387
    clopez@stearnsweaver.com
    RYAN T. THORNTON
    Florida Bar No. 99195
    rthorton@stearnsweaver.com
***Attorneys for Plaintiffs***