IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23485-Altman

THE MAD ROOM LLC D/B/A BALL AND
CHAIN, ALTOS MEXICANO, LLC D/B/A
TAQUERIAS EL MEXICANO, LITTLE
HAVANA ARTS BUILDING, LLC, AND
LA GRAN FIESTA, LLC

    *Plaintiffs and Counter-Defendants*,

v.

THE CITY OF MIAMI,

    *Defendant and Counter-Plaintiff*.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF
<u>MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

    I.    The City's "Building Enforcement" Narrative Is a Mere Denial (AD 1, 2, 10, 14, 25, 29) ..................................................................................................... 1

    II.    The City Asserts No Valid *Affirmative* Defenses to Plaintiffs' Damages (AD 11-18) ............................................................................................................ 2

    III.    The City Asserts No Valid Fourth Amendment Defenses (AD 7, 29, 30, 31) ................................................................................................................. 6

    IV.    "Failure to State a Claim" Is Not a Valid *Affirmative* Defense (AD 3-8, 22) ...................................................................................................................... 6

    V.    "Mere Denials" Are Not Valid *Affirmative* Defenses (AD 3-4, 6-9, 19-21, 27-32, 36-37) ...................................................................................................... 7

    VI.    The City's First Amendment "Defenses" Are Irrelevant (AD 41-42) .......................... 8

    VII.    The City's Laches Defense Fails (AD 40) ................................................................... 8

    VIII.    The City's Indispensable Party and Condition Precedent Defenses Fail (AD 23, 24) ........................................................................................................... 9

    IX.    Exhaustion of Remedies Is Not a Valid Section 1983 Defense (AD #5, 26) ......................................................................................................................... 10

    X.    The City's Preclusion Defenses Fail (AD 33-35, 38-39) ........................................... 10

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## TABLE OF AUTHORITIES

**Cases**

*A&M Gerber Chiropractic LLC v. GEICO*,
  925 F.3d 1205 (11th Cir. 2019) ................................................................................................8

*Adams v. Jumpstart Wireless Corp.*,
  294 F.R.D. 668 (S.D. Fla. 2013) ...............................................................................................2

*Aguilar v. Dunbar Armored, Inc.*,
  2008 WL 11417797 (S.D. Fla. Feb. 14, 2008) .........................................................................3

*Aidone v. Nationwide Auto Guard, L.L.C.*,
  295 F.R.D. 658 (S.D. Fla. 2013) ...............................................................................................7

*Allied World Assurance Co. Inc. v. Bay Cnty. Health Sys. LLC*,
  2021 WL 12135391 (N.D. Fla. Mar. 16, 2021) .......................................................................2

*Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*,
  795 F.3d 351 (2d Cir. 2015) ......................................................................................................9

*Beaulieu v. City of Alabaster*,
  454 F.3d 1219 (11th Cir. 2006) ...............................................................................................10

*BFI Waste Sys. of N. Am., Inc. v. Broward Cnty.*,
  209 F.R.D. 509 (S.D. Fla. 2002) ...............................................................................................9

*Bynum v. Carnival Corp.*,
  2024 WL 229545 (S.D. Fla. Jan. 22, 2024) ..........................................................................4, 7

*Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*,
  669 F.2d 667 (11th Cir. 1982) ...................................................................................................9

*Coney v. Smith*,
  738 F.2d 1199 (11th Cir. 1984) ...............................................................................................10

*Coquina Invs. v. Rothstein*,
  2011 WL 4971923 (S.D. Fla. Oct. 19, 2011) ............................................................................4

*Cryder v. Oxendine*,
  24 F.3d 175 (11th Cir. 1994) .....................................................................................................7

*E.I. du Pont de Nemours & Co. v. McCain*,
  414 F.2d 369 (5th Cir. 1969) .....................................................................................................4

*eBay, Inc. v. MercExchange, LLC*,
  547 U.S. 388 (2006) ..................................................................................................................8

*First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*,
  2009 WL 2169869 (S.D. Fla. July 20, 2009) .......................................................................2, 6

*Gibson v. Resort at Paradise Lakes, LLC*,
  2016 WL 7049265 (M.D. Fla. Dec. 5, 2016) ............................................................................4

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

*Hall v. Sargeant*,
  2020 WL 1536435 (S.D. Fla. Mar. 30, 2020) ...................................................................... 6

*Haring v. Prosise*,
  462 U.S. 306 (1983) ............................................................................................................ 10

*Howlett By & Through Howlett v. Rose*,
  496 U.S. 356 (1990) .............................................................................................................. 5

*Hudder v. Plant City*,
  2014 WL 7005904 (M.D. Fla. Dec. 10, 2014) .................................................................... 9

*ICA Invs., Inc. v. Lexington Ins. Co.*,
  2023 WL 1987866 (S.D. Fla. Feb. 8, 2023) ........................................................................ 6

*In re Rawson Food Serv., Inc.*,
  846 F.2d 1343 (11th Cir. 1988) ........................................................................................... 2

*Jones v. Royal Caribbean Cruises, Ltd.*,
  2013 WL 12061858 (S.D. Fla. Mar. 14, 2013) ................................................................... 4

*Mad Room, LLC v. City of Miami*,
  2023 WL 8598151 (S.D. Fla. Dec. 12, 2023) ............................................................ 2, 3, 7, 8

*Mallory v. Harkness*,
  923 F. Supp. 1546 (S.D. Fla. 1996) ..................................................................................... 9

*Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank*,
  392 F.3d 520 (2d Cir. 2004) ................................................................................................. 4

*Nebula Glass Int'l, Inc. v. Reichhold, Inc.*,
  454 F.3d 1203 (11th Cir. 2006) ........................................................................................... 3

*NR Grp. 3 Contractors, Inc. v. Grp. 3 Contractors, LLC*,
  2017 WL 7792718 (S.D. Fla. Sept. 26, 2017) ..................................................................... 3

*Owen v. City of Indep., Mo.*,
  445 U.S. 622 (1980) .............................................................................................................. 5

*Padilla v. Experian Info. Sols., Inc.*,
  2023 WL 9228313 (S.D. Fla. Oct. 13, 2023) ...................................................................... 4

*Phillips v. Pneumo Abex, LLC*,
  713 F. App'x 191 (4th Cir. 2017) ........................................................................................ 4

*Roberts v. Bondi*,
  2018 WL 3997979 (M.D. Fla. Aug. 21, 2018) .................................................................... 9

*S.E.C. v. BIH Corp.*,
  2013 WL 1212769 (M.D. Fla. Mar. 25, 2013) ................................................................... 7

*Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*,
  331 F.R.D. 434 (S.D. Fla. 2019) ......................................................................................... 3

*Sims v. Fla.*,
  862 F.2d 1449 (11th Cir. 1989) ........................................................................................... 9

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

*Talbert v. Kelly*,
    799 F.2d 62 (3d Cir. 1986) ................................................................................................. 9

*Zurich Am. Ins. Co. v. Arlington Props., Inc.*,
    2016 WL 9506037 (N.D. Fla. Dec. 9, 2016) ...................................................................... 9

**Statutes**

42 U.S.C. § 1983 ............................................................................................................. 5, 8, 9, 10

Fla. Stat. § 86.091 ............................................................................................................................ 9

Miami Ordinance No. 13936 ......................................................................................................... 7

Miami Ordinance No. 13941 ......................................................................................................... 7

Miami-Dade Code Sec. 2-211 ........................................................................................................ 9

**Rules**

Fla. R. Civ. P. 8(b) ......................................................................................................................... 6

Fla. R. Civ. P. 8(c) ..................................................................................................................... 1, 6

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Plaintiffs reply to the City's Response and in support of their Motion, ECF Nos. [373, 383]:

## INTRODUCTION

The City dressed up mere denials as affirmative defenses in an apparent attempt to circumvent the City's discovery obligations and Court deadlines. An affirmative defense *admits* all of Plaintiffs' facts but avoids liability by establishing some *other* set of facts—as opposed to defending a claim by denying Plaintiffs' allegations, presenting competing evidence, or proving a defect in Plaintiffs' case. The core of Plaintiffs' case is that the City had no rational basis for its policies that specifically targeted, disrupted and closed Plaintiffs' businesses, costing Plaintiffs millions of dollars. The City now presents a counter-narrative that it did target Plaintiffs (a welcome admission) but had a "rational basis" to do so—that it was reacting to Plaintiffs' "pattern and practice" of "local building code" violations (what it characterizes as a "criminal conspiracy")—and argues Plaintiffs cannot prove that the City's years of raids and shutdowns caused Plaintiffs' lost profits (that those damages are "speculative" or involved "intervening" causes). Critically, nothing about that narrative states an affirmative defense. Instead, it just denies some of the required elements of Plaintiffs' claims, *i.e.*, that the City had no rational basis for its targeting, and that the City's actions caused Plaintiffs' damages. Of course, it is not the Court's job to evaluate competing narratives on the pleadings. But, the Court *is* tasked with preventing the City from abusing Rule 8(c)'s pleading standard to circumvent discovery obligations. The City needed to have provided the discovery on whatever "rational basis" it wanted to make-up to deny Plaintiffs' allegations during the nearly three years of discovery, rather than now in connection with mislabeled "affirmative defenses." Thus, as to all "affirmative defenses" that devolve into denials—AD 1-10, 12, 14-15, 17, 19-22, 25-32, 29, 36-37—the Court should grant Plaintiffs' Motion, and either strike the defenses entirely, or properly characterize them as denials <u>with instructions</u> that they may not be used to avoid or redo past discovery. The balance of the City's defenses (AD 5, 7, 11, 13, 15, 16, 18, 23-24, 26, 29-31, 33-35, 38-42) are legally invalid and should be stricken.

## ARGUMENT

**I.  The City's "Building Enforcement" Narrative Is a Mere Denial (AD 1, 2, 10, 14, 25, 29)**

The City's Response admits that it repackaged as affirmative defenses mere denials of required factual elements of Plaintiffs' affirmative claims, most glaring that it was "justified" in its policies to target Plaintiffs' businesses because Plaintiffs engaged in a "pattern and practice of evading building codes and failing to apply for required permits" (Resp. at 2). Plaintiffs alleged in great detail that the City had no rational basis (only pretextual reasons) for its policies because that absence of a rational

1

basis is a required element of their substantive due process and equal protection claims. *See Mad Room, LLC v. City of Miami*, 2023 WL 8598151, at *2 (S.D. Fla. Dec. 12, 2023). The City is entitled to deny those allegations, as it did in its answer,[1] and was required to provide all discovery potentially relevant to that denial—that the City had some rational basis. Thus, the City's position that it *had any* justification for its policies does not "admit[] to the complaint" and seek to "avoid[] liability" with a "new allegation," so it is <u>not</u> an affirmative defense; rather, such position asserts a "defect in [P]laintiffs' prima facie case," and as such is a mere denial. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *see also* Resp. at 4, 11 (admitting the relevant standard).

Indeed, the City (1) admits that its "justification" narrative merely denies Plaintiffs' claims of unconstitutional misconduct; and (2) endorses Plaintiffs' "unremarkable proposition" that "invalid defenses should not be allowed as they would cause unnecessary discovery." Resp. at 4. Therefore, the City was required to both (1) produce evidence of its "building enforcement rationale" for targeting and (2) engage in whatever affirmative discovery it needed to support that narrative, *during* the years of discovery already completed.[2] Allowing the City to plead denials as affirmative defenses would improperly (1) award the City's <u>withholding or failure to produce allegedly exculpatory evidence during discovery</u> (no such discovery was produced) and (2) allow the City to re-open and metastasize discovery to support that denial-narrative that should have been completed, thereby warranting the striking of these defenses. *See Allied World Assurance Co. Inc. v. Bay Cnty. Health Sys. LLC*, 2021 WL 12135391, at *2 (N.D. Fla. Mar. 16, 2021) (striking irrelevant defenses "to avoid prejudice to Plaintiff in discovery"). The Court should thus grant the Motion and prevent those results.

## II. The City Asserts No Valid *Affirmative* Defenses to Plaintiffs' Damages (AD 11-18)

The City's damages-related defenses **AD 12, 14, 15, 17** suffer the same defect as its "building code conspiracy": denying elements of Plaintiffs' damages rather than admitting them and disclaiming liability for some other reason. Its other damages-related defenses (**AD 11, 13**) are legally invalid.

Plaintiffs' Motion proved that the City's setoff, collateral source and "due process" defenses (**AD 16, 18**) legally fail. Conceding that, the City responded by (without leave of Court) withdrawing

---

[1] *See* ECF No. [366] ¶¶ 7, 46, 71, 257, 291 (denying Plaintiffs' allegations of no rational basis).
[2] In addition, the City is able to engage in affirmative discovery in support of its "building code violation conspiracy" in state court where it *first* pleaded its counterclaims (to the extent they are valid). But this Court should stop the City, having failed to evidence its theory in now-closed discovery, from pretending denials are "affirmative defenses" to abuse discovery in *this* case.

2

those defenses. ECF No. [381].³ The Court should therefore grant the Motion and strike AD 16 and 18, to ensure clarity and prevent the issues improperly injected by those defenses (*i.e.*, reduction in damages from "funds received in the form of Paycheck Protection Program ('PPP') or COVID-19 Economic Injury Disaster Loan ('EIDL') loans" (AD 16); and alleged problems with Plaintiffs' "specific employment and termination of their employees and their compliance with the requirements of the PPP and EIDL programs" (AD 18)) from invading this case. *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, 331 F.R.D. 434, 440 (S.D. Fla. 2019) (striking defenses withdrawn in response to motion to strike); *Aguilar v. Dunbar Armored, Inc.*, 2008 WL 11417797, at *2 (S.D. Fla. Feb. 14, 2008).

In addition, the City disclaims that **AD 17** is a backdoor attempt to resurrect its accusations of PPP/tax-fraud that the Magistrate Judge and this Court barred, repeatedly, as unsupported and irrelevant to this case. Resp. at 8-9. Yet, AD 17 still includes the City's specious allegations of fraudulent employment practices: that "Plaintiffs unreasonably 'added' 'employees' which were used to obtain PPP or EIDL loans and expanded the payroll without consideration for whether or not those payroll numbers could be maintained subsequently." Because the City now accedes to the Court's rulings that excised its fraud accusations from this case, the Court should strike those same allegations from AD 17—just as it did in connection with Plaintiffs' complaint. *See Mad Room*, 2023 WL 8598151, at *14. Instead, the City casts AD 17 as an "avoidance" of Plaintiffs' affirmative claim that their inability to obtain PPP and EIDL loan forgiveness was due to the City's unlawful disruptions/closures of Plaintiffs' businesses. Resp. at 9. Once again, that is a mere denial of facts—that is, facts Plaintiffs already evidenced and supported with expert analysis, and the City attempted to rebut, in now-closed discovery. The City cannot reopen discovery to redo its inquiry into whether Plaintiffs' reduced loan forgiveness "results from Plaintiffs' fault or the action of others." Resp. at 9.

The City's Response to **AD 12** attacks a straw man. Plaintiffs agree that "lost profit damages, like all damages, cannot be speculative and must be proved with reasonable certainty." *Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1213 (11th Cir. 2006). But that commands the *rejection* of the City's "speculative damages" argument based on "unquantified and unsupported assumed growth rates" as an *affirmative* defense, as it merely denies the damages calculations. *See NR Grp. 3 Contractors, Inc. v. Grp. 3 Contractors, LLC*, 2017 WL 7792718, at *4 (S.D. Fla. Sept. 26, 2017) ("[A]llegations that a plaintiff's damages are speculative do not constitute affirmative defenses because

---

³ The City elected to maintain them only to withdraw these legally invalid defenses after and despite that Plaintiffs identified their defects in pre-motion conferral. *See* Ex. A.

3

those statements are merely allegations that Plaintiff has not met its burden of proof.").[4] The City already explored whether Plaintiffs' damages are "speculative" through its expert report (which *admitted* lost profits damages, but used a lower growth rate), thus prohibiting this redo of expert discovery.

For **AD 14**, the City ignores this Court's own recent holding that "denying that [the defendant] proximately caused the Plaintiffs' injury [] isn't a proper affirmative defense." *Bynum v. Carnival Corp.*, 2024 WL 229545, at *3 (S.D. Fla. Jan. 22, 2024) (Altman, J.) (*citing Coquina Invs. v. Rothstein*, 2011 WL 4971923, at *15 (S.D. Fla. Oct. 19, 2011) ("The absence of proximate cause is not an affirmative defense; rather, it is a requirement of plaintiff's cause of action put at issue by a general denial."); *Jones v. Royal Caribbean Cruises, Ltd.*, 2013 WL 12061858, at *2 (S.D. Fla. Mar. 14, 2013). The City calls *Coquina* and *Jones* "irrelevant" because they rejected proximate cause as an affirmative defense on summary judgment (Resp. at 7), but this Court saw fit to rely on and cite those cases in *Bynum*, where it struck the defense. The City offers no reason the Court should hold otherwise here.

**AD 15**—stating COVID disruptions and emergency orders were intervening causes of Plaintiffs' damages—also fails. The City cites one case that recognized superseding or intervening cause as an affirmative defense rather than a denial: *Padilla v. Experian Info. Sols., Inc.*, 2023 WL 9228313, at *3 (S.D. Fla. Oct. 13, 2023). But the weight of authority, including this Court in *Bynum*, holds otherwise. *Bynum*, 2024 WL 229545, at *5 (explaining that a "third party cause" defense "simply attacks certain allegations in the complaint by denying them—namely, that the defendant was the proximate cause of plaintiffs' injuries"); *E.I. du Pont de Nemours & Co. v. McCain*, 414 F.2d 369, 374 (5th Cir. 1969) ("[N]ew and independent cause is not an affirmative defense . . . but an element to be considered by the jury in determining the existence or non-existence of proximate cause."); *Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 527 (2d Cir. 2004) (intervening cause not affirmative defense but element of proximate cause); *Phillips v. Pneumo Abex, LLC*, 713 F. App'x 191, 196 n.3 (4th Cir. 2017) ("Intervening negligence is sometimes referred to as a defense, but it is actually an extension of a plaintiff's burden of proof on proximate cause[.]"). The City was entitled to probe the extent to which the pandemic's closures and economic impact contributed to Plaintiffs' lost profits, which it ostensibly did during discovery and with its rebuttal expert. But that rebuttal merely denies Plaintiffs' contentions that lost profits were caused by City's acts, so it is not an affirmative defense.

---

[4] The City's sole case does not hold otherwise. *See Gibson v. Resort at Paradise Lakes, LLC*, 2016 WL 7049265, at *2 (M.D. Fla. Dec. 5, 2016) (plaintiff moved to strike only on insufficient facts and notice; court did not comment on legal validity of "speculative damages" defense).

4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

The City's mitigation defense (**AD 11**) is legally invalid. Mitigation is only cognizable if Plaintiffs first establish liability and damages. The City does not contest that there is no duty to mitigate until damages actually occur. Mot. at 4. The specific and narrow "failure to mitigate" the City claims is Plaintiffs' "unreasonabl[e] delay in bringing their properties into [building code] compliance." If Plaintiffs prove the City's liability because the City fabricated building code violations and used its administrative and police powers to disrupt and shut Plaintiffs' businesses, without a rational basis for its political vendetta—then it is *logically (and legally) impossible* for Plaintiffs, *after* suffering damages from that City conduct, to have "mitigated" those damages by (as the City alleges) acting more quickly to "perform the necessary improvements to bring its property into compliance." That is, when Plaintiffs prove damage because the City's violations and extended closures were all a sham—then no amount of "building code" fixes could have forced the City to shorten those disruptions and closures.

The City's Response confirms **AD 13**—*which only challenges rental income damages to the landlords*—is likewise legally invalid and irrelevant. Plaintiffs are property owner/landlords and tenants at the same two locations. City malfeasance disrupted and shut business operations. Rental income or payments can only be damages at either, but not both, the landlord plaintiffs (if the tenants did not pay rent because of the City's misconduct) or the tenant plaintiffs (if they paid rent and thus had expenses they could not offset with revenue, resulting in lost profits damages). The City knows the latter from their financial discovery and Plaintiffs' expert report, which the City attached to its Response. So, as the City concedes, because Plaintiffs have not claimed the landlord plaintiffs suffered lost rental income (Resp. at 6-7), the City's "affirmative defense" should be stricken as a nullity.[5]

In a proverbial Hail Mary, the City reimagines **AD 15** as asserting some form of "immunity." Resp. at 8. No one is claiming damages because of City-imposed COVID restrictions or closures. But in any event, a municipality has no sovereign, qualified, governmental or other immunity to a Section 1983 action. *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 376 (1990) ("By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress—the supreme sovereign on matters of federal law—abolished whatever vestige of the State's sovereign immunity the municipality possessed."); *Owen v. City of Indep., Mo.*, 445 U.S. 622, 647 (1980) ("[T]he municipality's 'governmental' immunity is obviously abrogated by the

---

[5] While the City's *Response* references *other* forms of Plaintiffs' economic damages *not* pertaining to rental income (e.g., lost opportunity costs), AD 13 says *nothing whatsoever* about those *other* forms of economic damages, so the Court can ignore them on this Motion.

5

sovereign's enactment of a statute making it amenable to suit. Section 1983 was just such a statute.").

### III. The City Asserts No Valid Fourth Amendment Defenses (AD 7, 29, 30, 31)

The City offers *zero response* to **AD 29 and 30,** which make the legally irrelevant claim that the City had "probable cause" or "reasonable suspicion" for its raids/closures of Plaintiffs' businesses. The City searched and seized without a warrant; "probable cause" or "reasonable suspicion" are insufficient under the Fourth Amendment for a warrantless search. *See* Mot. at 10. Thus, they should be stricken. The City misunderstands the legal insufficiency of **AD 7 and 31**. Plaintiffs claim that the City's inspections and raids were *not* in furtherance of Florida's alcohol beverage laws. ECF No. [212] (Am. Compl.) ¶¶ 152-198. If (when) Plaintiffs prove that claim, the availability under Florida statute of warrantless inspections *in furtherance* of the Beverage Law cannot relieve the City of liability. *See* Mot. at 10-11. So AD 31 and 7, which justify searches based on that statute, are legally invalid.

### IV. "Failure to State a Claim" Is Not a Valid *Affirmative* Defense (AD 3-8, 22)

The City admits that **AD 3-8** and **22** rehash previously rejected failure to state a claim arguments, but erroneously posits (without supporting authority) that "fail[ure] to state a cause of action" is a valid *affirmative* defense and that retaining those defenses will not prejudice Plaintiffs. Resp. at 10-11. The City confuses ordinary defenses, which include failure to state a claim (governed by Rule 8(b)) with affirmative defenses (governed by Rule 8(c)). Defenses that contest a plaintiffs' inability to prove their *prima facie* case are denials, not affirmative defenses under Rule 8(c). *See ICA Invs., Inc. v. Lexington Ins. Co.*, 2023 WL 1987866, at *1-2 (S.D. Fla. Feb. 8, 2023) ("'Defenses include denials. 'Affirmative defenses' are a subset of 'defenses' and do not include denials. . . . [F]ailure to state a claim upon which relief can be granted is a quintessential denial."). A defendant is required to raise "failure to state a claim" in its responsive pleading—which the City did in its Answer by denying every element of Plaintiffs' claims. But those denials are not affirmative defenses. "This difference has practical significance . . . affect[ing] summary judgment motion and trial practice." *Id.*

Plaintiffs are mindful that "treating a legal argument as an affirmative defense as opposed to a denial (or vice versa) does not remove it from the litigation" (*id.* at *1) and this Court has previously treated non-affirmative defenses as "ordinary denials at trial." *See Hall v. Sargeant*, 2020 WL 1536435, at *35 (S.D. Fla. Mar. 30, 2020). The critical issue here is the City's transparent attempt to circumvent/reopen discovery by pretending denials are affirmative defenses. *See First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, 2009 WL 2169869, at *2 (S.D. Fla. July 20, 2009) ("[W]eeding out insufficient defenses . . . may be extremely valuable to all concerned in order to avoid the needless

6

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

expenditures of time and money . . .")). The City was required in the years of active discovery to provide the discovery and investigate all facts relevant to these defenses. None of those denials in all of those defenses are *affirmative* defenses, thereby precluding the reopening of discovery.

The City is also wrong that the Court did not "specifically rule" on any "failure to state a claim" defense. Resp. at 10. For instance, **AD 8** claims the City Charter "does not create a private right of action;" but, this Court held it does. *Mad Room*, 2023 WL 8598151 at *14 (plaintiffs have standing to sue for Charter violation). That (*contra* Resp. at 11) makes this case identical to *S.E.C. v. BIH Corp.*, where the court struck "failure to state a claim" affirmative defenses for the same reasons it had denied dismissal on the defendant's Rule 12 motion. 2013 WL 1212769, at *4 (M.D. Fla. Mar. 25, 2013).

V. **"Mere Denials" Are Not Valid *Affirmative* Defenses (AD 3-4, 6-9, 19-21, 27-32, 36-37)**

For the reasons in *supra*, IV, the City's mere denials should be stricken to avoid further unnecessary discovery. *See also* Mot. at 20 (collecting cases striking similar defenses); *Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 662 (S.D. Fla. 2013) (while recognizing courts may treat defenses as denials rather than striking, courts should strike where defenses "reiterate earlier denials" and are "redundant."). Here, again, the City is "simply point[ing] out a defect or lack of evidence in a plaintiff's case [which] is not an affirmative defense" and which the City has redundantly denied in its Answer. *See Bynum*, 2024 WL 229545, at *5.[6] At **AD 9**, the City misunderstands the City Attorney's role in Plaintiffs' Charter claim. Plaintiffs assert (in the alternative to the substantive due process claim) that the City violated Section 15 of the Charter through the City Attorney's independent direction to City staff to undertake the inspections, violations, and closures that implemented the City's targeting policies. The City's allegations at **AD 9** merely deny that the City Attorney lacked authority under the Charter to implement those policies—a necessary element of *Plaintiffs'* Charter claim. (Whether the City Attorney has other duties and responsibilities according to the Charter, under Section 21 or elsewhere, is irrelevant.) **AD 19-21**'s allegations that the City had a "rational basis" to enact Ordinance Nos. 13941 and 13936, and Resolution No. R-19-0072, attempt to point out a defect in *Plaintiffs'* case, rather than to establish facts to allow the City to avoid liability. The same is true for **AD 27** which tries to attack the required elements of the procedural due process claim and alleges the City afforded Plaintiffs adequate process before revoking their CO and CU. *See Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994); *see also* Sept. 20, 2022 Hr'g Tr. at 62-87 (finding Plaintiffs

---

[6] *See supra*, III and IV establishing why the City's improper denials at **AD 3-4, 6-8** and **29-31** fail.

7

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

adequately pled all of these elements). Likewise, **AD 28** is a quintessential denial arguing Plaintiffs "have failed to satisfy the requirements of *Monell*" – a required element of Plaintiffs' Section 1983 claims which this Court already ruled were met via Plaintiffs' deliberate policy allegations. *Id.* at 38-39. **AD 36** and **37** attack two out of the four factors Plaintiffs must demonstrate to obtain a permanent injunction, and therefore are denials and not valid affirmative defenses. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391-92 (2006). **AD 32** is irrelevant to Plaintiffs' civil claims. The City cannot provide any authority that excuses constitutional violations because of "prosecutorial discretion" in the issuance of code violations—much less allowing it as an affirmative defense. Whatever that discretion may be, it cannot protect fabricated code violations and the use of administrative and police powers to disrupt and shut Plaintiffs' businesses without legitimate reason.

## VI. The City's First Amendment "Defenses" Are Irrelevant (AD 41-42)

No First Amendment defenses are legally relevant. Plaintiffs are suing because the City enacted by formal resolution, and enforced through every pertinent City department, policies that quashed Plaintiffs' property and business rights without any rational basis—not because it violated any First Amendment rights. That the City's policies originated with officials who were aligned with one Commissioner's political vendetta proves they had no rational basis. It does not convert Plaintiffs' due process, equal protection, Fourth Amendment, and City Charter claims into First Amendment claims. The City does not cite a single case (none exist) saying that claims with "the same nucleus of operative facts" as a First Amendment claim are "in effect, First Amendment claims by other names." Resp. at 13. Moreover, Plaintiffs' alleged lack of standing to sue under the First Amendment has no bearing on any other constitutional claims (the City cites no law suggesting otherwise). Defenses to claims that have not been raised are legally irrelevant and should be stricken. Mot. at 13 (citing cases).

## VII. The City's Laches Defense Fails (AD 40)

The City's laches defense is invalid for the same reason this Court denied the City's motion to dismiss. The Court ruled "Plaintiffs have—repeatedly and in great detail—alleged that the City continues to subject them to ongoing harm and a 'real and immediate . . . rather than speculative threat of future injury'" sufficient to entitle Plaintiffs to prospective injunctive relief. *Mad Room*, 2023 WL 8598151, at *17 (quoting *A&M Gerber Chiropractic LLC v. GEICO*, 925 F.3d 1205, 1210 (11th Cir. 2019)). As the City concedes, laches cannot bar injunctive relief where there is ongoing, or a threat of future, injury. Mot. at 13. If/when Plaintiffs prove their claim (the starting point for any affirmative

8

defense), they will have proven an ongoing/threat of future injury, precluding a laches defense.[7]

### VIII. The City's Indispensable Party and Condition Precedent Defenses Fail (AD 23, 24)

**AD 23**. Plaintiffs do not challenge any Miami-Dade County code or ordinance, nor any Florida statute or regulation. The only relevant relief sought here is invalidation of the *City's* offending ordinance (Code Sec. 2-211). So no claim here could allow the Court to pass judgment on any County or state code, ordinance, statute or regulation. This is so even if the City's ordinance was identical to County and State laws.[8] Accordingly, the County and State have no interest at stake and are not necessary parties. The City offers no contrary authority, and case law is uniformly in support. *See Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 359 (2d Cir. 2015) ("No precedent supports that view. State (and federal) statutes are frequently challenged as unconstitutional without the state (or federal) government as a named party."); *Talbert v. Kelly*, 799 F.2d 62, 66 (3d Cir. 1986) (even parties "necessary to any recovery by plaintiffs" under 1983 action for unconstitutional policy are still "not indispensable" to relief); *BFI Waste Sys. of N. Am., Inc. v. Broward Cnty.*, 209 F.R.D. 509, 516 (S.D. Fla. 2002) (other governmental entities not indispensable because "no judgment here will be legally binding upon them through the doctrines of collateral estoppel or res judicata") (citing *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982)).

**AD 24**. For the same reasons, none of Plaintiffs' claims "call into question" any state statute or county ordinance; the City does not bother to address Plaintiffs' binding cases. Mot. at 14-15. Further, Fla. Stat. § 86.091's notice provision only applies to claims brought under Florida's declaratory judgment act (not Plaintiffs' federal Section 1983 claim);[9] and section 86.091 is strictly procedural, so under *Erie*, it cannot govern any claims before this Court. *Sims v. Fla.*, 862 F.2d 1449, 1469 n.22 (11th Cir. 1989) ("§ 86.091…does not apply to suits in federal court.") (Tjoflat, C.J., dissenting); *Zurich Am. Ins. Co. v. Arlington Props., Inc.*, 2016 WL 9506037, at *1, n.3 (N.D. Fla. Dec. 9, 2016) ("operation of the Declaratory Judgment Act is procedural not substantive").

---

[7] The City does not respond that it failed entirely to plead two of the three elements of laches (no excuse for delay, and undue prejudice from delay), further warranting striking this defense. *See* Mot. at 14.
[8] It is not. Only the City's Code, not County or state regulation, *mandates* revocation of entitlements for myriad unidentifiable reasons *without any* (let alone constitutional) due process.
[9] None of the City's cases remotely say otherwise. *See Hudder v. Plant City*, 2014 WL 7005904, at *1 (M.D. Fla. Dec. 10, 2014) (Sec. 86.091 applied because plaintiff, *unlike* here, brought Chapter 86 declaratory claim); *Mallory v. Harkness*, 923 F. Supp. 1546, 1553 (S.D. Fla. 1996) (AG voluntarily intervened; no consideration of notice); *Roberts v. Bondi*, 2018 WL 3997979, at *2 (M.D. Fla. Aug. 21, 2018) (Sec. 86.091 did not make AG necessary or even proper defendant; no consideration of notice).

9

### IX. Exhaustion of Remedies Is Not a Valid Section 1983 Defense (AD #5, 26)

**AD 26** is invalid and should be stricken. It states: "Plaintiffs have failed to exhaust their available administrative remedies . . . that would address their claims." Legally, "there is no requirement that a plaintiff exhaust his administrative remedies before filing suit under § 1983." *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1226-27 (11th Cir. 2006). The City cites no opposing law, as there is none. As **AD 5** and **26** "allege[] that the City provided Plaintiffs with adequate due process, including multiple administrative processes" (as the City now recasts those defenses, Resp. at 16), they devolve into mere denials, which warrants striking them. *See supra*, V.

### X. The City's Preclusion Defenses Fail (AD 33-35, 38-39)

**AD 33**: Binding precedent—to which the City offers no response—dictates that *even if* Plaintiffs "pled guilty" to code enforcement violations, they would not be barred from litigating the unconstitutionality of the City's conduct underlying the code enforcement proceedings (which unconstitutionality was not considered in such proceedings). *See Haring v. Prosise*, 462 U.S. 306, 318-19 (1983) (guilty plea in state criminal case did not preclude Section 1983 claim for antecedent unconstitutional government misconduct); *Coney v. Smith*, 738 F.2d 1199, 1199 (11th Cir. 1984) (defendant convicted on guilty plea in state court is not precluded by estoppel doctrines from seeking damages under Section 1983 for constitutional violations not considered in state proceedings).[10] **AD 34**: The City cannot demonstrate a legal or factual inconsistency between the now-established facts that Commissioner Carollo quashed two individuals' First Amendment rights, and the allegations here that the City *also* enacted and deployed formal policies to destroy these corporate Plaintiffs' businesses without a legitimate purpose. **AD 35**: The City does not offer *one* case permitting application of judicial estoppel where the party did not convince the prior court to accept its previous position; there has been no such judicial determination in the *Mad Room/Ortus* suit. Mot. at 18. **AD 38/39**: The City cherry-picks one of many rulings now part of the final judgment in the *Fuller/Carollo* suit because the other rulings render its *res judicata* and claim splitting defenses legally invalid. The *Fuller/Carollo* court ruled repeatedly that the individual plaintiffs *did not and could not* assert claims or damages on behalf of, or suffered by, any related business entity, but *only* claims by and damages to them as individuals; and also ruled the lawsuit did not involve claims against the City. ECF Nos. [186], [313], [618]. Thus, the separate claims and damages by these Plaintiffs were not adjudicated, barring any *res judicata*.

---

[10] *See also* Sept. 20, 2022 Hr'g Tr. at 34:21-35:4 (City administrative proceedings "will have absolutely no effect on the separate questions [of un/constitutional mis/conduct] we face here").

10

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## CONCLUSION

Plaintiffs respectfully request that grant the Motion and all requested relief.

Dated: April 4, 2024

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200

By: */s/ Jason S. Koslowe*
MARIA A. FEHRETDINOV
Florida Bar No. 52084
mfehretdinov@stearnsweaver.com
JASON S. KOSLOWE
Florida Bar No. 122758
jkoslowe@stearnsweaver.com
EZRA S. GREENBERG
Florida Bar No. 85018
egreenberg@stearnsweaver.com
CORAL DEL MAR LOPEZ
Florida Bar No. 1022387
clopez@stearnsweaver.com
RYAN T. THORNTON
Florida Bar No. 99195
rthorton@stearnsweaver.com

*Attorneys for Plaintiffs*

11

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that on April 4, 2024, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| VICTORIA MÉNDEZ, City Attorney<br>ERIC J. EVES, Assistant City Attorney<br>JOHN A. GRECO, Deputy City Attorney<br>BRYAN E. CAPDEVILA, Assistant City Attorney<br>KEVIN R. JONES, Division Chief for Labor & Employment<br>vmendez@miamigov.com<br>kjones@miamigov.com<br>eeves@miamigov.com<br>tmickens@miamigov.com<br>jagreco@miamigov.com<br>csantos@miamigov.com<br>bcapdevila@miamigov.com<br>mgriffin@miamigov.com<br>Attorneys for Defendant<br>444 S.W. 2nd Avenue, Suite 945<br>Miami, FL 33130-1910 | RAQUEL A. RODRIGUEZ, ESQ.<br>MIRANDA LUNDEEN SOTO, ESQ.<br>DANIEL R. LAZARO, ESQ.<br>KELLY H. KOLB, ESQ.<br>JENNIFER OLMEDO-RODRIGUEZ, ESQ.<br>JESSE STOLOW, ESQ.<br>BUCHANAN INGERSOLL & ROONEY PC<br>One Biscayne Tower<br>2 South Biscayne Blvd., Suite 1500<br>Miami, FL 33131-1822<br>raquel.rodriguez@bipc.com<br>miranda.soto@bipc.com<br>dan.lazaro@bipc.com<br>jennifer.olmedo-rodriguez@bipc.com<br>jesse.stolow@bipc.com<br><br>MICHAEL E. DUTKO, JR., ESQ.<br>BUCHANAN INGERSOLL & ROONEY PC<br>401 E. Las Olas Blvd., Suite 2250<br>Ft. Lauderdale, FL 33301<br>michael.dutko@bipc.com<br><br>GRETCHEN JANKOWSKI, ESQ.<br>MACKENZIE A. BAIRD, ESQ.<br>BUCHANAN INGERSOLL & ROONEY PC<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburgh, PA 15219-4413<br>gretchen.jankowski@bipc.com<br>mackenzie.baird@bipc.com |

*/s/   Jason S. Koslowe*
         JASON S. KOSLOWE

12

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200